## WILSON *vs.* HALL *et al.*, executors.

1. There was no error in dismissing this case on motion at the close of the evidence.

(*a.*) To render one an executor *de son tort* it must appear that he wrongfully intermeddled, without authority, with the personalty of the decedent, or that he converted the same to his own use.

(*b.*) That a trustee may be indebted to his *cestui que trust* at the time of her death will not make him an executor *de son tort*.

2. A general demurrer to a bill in equity rules the equity of the bill, and after being overruled the same question cannot be again raised in the answer. But if the evidence on the trial fails to sus-tain the allegations of the bill, a motion to dismiss, in the nature of a non-suit, may be granted.

3. A will made by one who was a resident of Georgia at the time of her death must have been attested by three witnesses in order to be probated and admitted in evidence.

*Res adjudicata.* Judgments. Practice in Superior Court. Administrators and Executors. Evidence. Be-fore Judge FLEMING. Chatham Superior Court. Decem-ber Term, 1880.

Reported in the decision.

LESTER & RAVENEL, for plaintiff in error.

CHISHOLM & ERWIN; TOMPKINS & DENMARK; W. R. GIGNILLIAT, for defendants.

CRAWFORD, Justice.

This bill was filed by Pierce B. Wilson against the defendants, as the executors of Samuel W. Wilson, deceased, and who was the brother of the complainant.

The allegations were that in 1845 William Wilson, their father, was the owner of four acres of land in the state of Pennsylvania, with a claim against it held by Silas Wilson for $863.28.

That, in the said year, their father conveyed the said land to Samuel W. Wilson in trust for the use of Anna M. Wilson, their mother, with power in the said Anna M. to dispose of the same by will. That, in the year 1851, the said Silas Wilson died, leaving a will by which he bequeathed to Samuel W. Wilson his claim against the aforesaid land upon the condition that he would pay to the said Anna M. an annuity of $51.78 during her life.

That, in 1864, the said Anna M. died testate, and appointing the said Samuel W. Wilson her executor, that he became her executor, and as such took possession of her effects, consisting of articles of personal property, choses in action, rights and credits of considerable value. That the said Samuel W. and complainant were the residuary legatees under said will, and that the said Samuel W. died in 1874 testate, with defendants as his executors.

That at his death he had not accounted with complainant for the property so received by him, nor for what he was indebted to the said deceased. That the defendant, as executor, has possessed himself of the said effects, and although complainant has demanded an account and settlement of him, he has refused the same.

To this bill the defendant filed a general and special demurrer.

The latter upon the grounds, first, that the causes of relief alleged are barred by the statute of limitation of six years before the filing of said bill, and six years before the death of Samuel W. Wilson, the complainant not

showing himself to have been under any disability; and second, to so much of the bill as refers to the non-payment of the whole amount of the annuity and the rents of the property named, the same appears on the face of the bill to be barred by the provisions of the act of 1869, and were so barred at the time of the death of the said Samuel W. Wilson.

These demurrers were overruled.

The defendant then filed an answer in which he denied all knowledge of the conveyance of the aforesaid land by Wm. T. Wilson, or of the claim against it by Silas Wilson, except that in 1874 he made a transcript from a paper said to have been the will of the said Silas, but whether the same was his will or not, is unknown, as there was no evidence of its ever having been probated.

He believes that Wm. T. Wilson did convey the aforesaid land to Samuel W. Wilson in trust as set forth in complainant's bill, but has no knowledge that the said Samuel W. ever took control of the same and managed it until the death of the said Anna M. in 1864; nor of his having collected the rents; nor whether he paid any money to the said Anna M. as an annuity, but he does know that she lived with her son, the said Samuel W., from about the year 1848 to her death in 1864.

The defendant admits that Anna M. Wilson left a will in which Samuel W. Wilson was named as executor, but does not know whether he ever qualified. Further answering, he says that if the will of Silas Wilson ever took effect, that then, upon the death of Anna M. Wilson, the said $853.28 became the property of the said Samuel W. Wilson, and that he believes that there was nothing due to the said Anna M. from the annuities, or the rents of the land. Knows nothing of the articles referred to as belonging to Anna M., but took possession as executor of the said Samuel of certain articles which are named, but no choses in action or property other than that named ever came into his hands.

Defendant states that before the death of the said Samuel W., he told defendant that he and his brother had come to a settlement, and that in 1874 there was a note of complainant's made to the said Samuel W. for $200.00, dated in 1867, which is evidence of the fact that there is nothing due him. Defendant further avers that even if there were an indebtedness to the complainant as set forth, that the same accrued prior to June 1st, 1865, and is and was barred by the act of March 16th, 1869, at the time of the filing of this bill. That the land in Pennsylvania, as well as the other property of testator, was disposed of by complainant in 1866 under power of attorney, and that a full settlement was had between them in 1867, and that the complainant is indebted the said sum of $200.00 on the aforesaid note.

He denies having any property belonging to the said complainant, but if he has, upon proof thereof, he offers to deliver up the same.

Defendant again sets up and relies upon his demurrers filed and overruled by the chancellor in July, 1875.

The cause came on for a final hearing, and after the proofs were submitted, the chancellor entertained a motion to dismiss the bill because neither an equitable right to a recovery had been shown by the complainant, nor any legal liability upon the part of the defendant, and after argument had, he sustained the motion and dismissed the bill. This ruling and the rejection of the will of Anna M. Wilson as evidence, without reference to other matters of exception, control the case.

1, 2. The judgment of the court was pronounced upon the case made by the pleadings and the proof as it stood at the *time of the motion*.

The material parts of the bill and answer have been set forth. The testimony showed that Samuel W. Wilson was never qualified as the executor of Anna M. Wilson. This being so, then to make him an executor *de son tort*, and render his legal representatives liable, it must appear

that he *wrongfully intermeddled* without authority of law with her personal estate, or that he *converted the same to his own use.* This is nowhere alleged or proved. It is undisputed that he was her trustee, and that she was a member of his family from about the year 1848 up to the time of her death on the 22d day of February, 1864.

That she was entitled to an annuity and the rentals of the land held by Samuel W. in trust for her during her life, is also undisputed. *If it be admitted* that he was indebted to her on those two accounts, the title thereto upon her death would go to her administrator or executor. There being no legally appointed administrator nor qualified executor does not change the law, nor does the mere indebtedness of one person to another who dies make the former an executor *de son tort.*

If, therefore, the defendant's testator be indebted to Anna M. Wilson, *her* legal representative must sue; if, however, there were one and he refused to sue, then an heir or legatee might, but not otherwise.

A general demurrer to a bill rules the *equity of the bill* alone, and cannot under our practice be again insisted on in the answer. But on the issue made by the pleadings, the facts proved by the complainant may make a very different case from that alleged by the bill, thus changing the rights of the parties; if so, and they are with the defendant, then a motion to dismiss would be in order, and is not precluded by the judgment on the demurrer.

Our judgment, therefore, is that the complainant by the case made, under the pleadings and the proofs, showed no right in himself to recover, and the bill was properly dismissed. 1 *Ga.*, 381; 3 *Ib.*, 581; 8 *Ib.*, 259; 12 *Ib.*, 278; 42 *Ib.*, 512.

3. Nor was the ruling of the court wrong on the admissibility of the will of Mrs. Anna M. Wilson. There were but two witnesses thereto; she had died a resident of Georgia 22d of February, 1864, and what effect it had in Pennsylvania, if any, was irrelevant to the issue before the

court.   It is scarcely necessary to add that the household effects referred to in the bill and in the testimony fall under the ruling made in reference to the other personal property of the deceased.

   Judgment affirmed.