The Central Railroad *vs.* Kenney.

---

### The Central Railroad *vs.* Kenney.

Neither the amendment to the plaintiff's declaration, nor the evidence offered in support thereof, takes it without the ruling when it was here before, and consequently the judgment refusing a new trial must be reversed.

Jackson, Justice, dissented.

Railroads. Master and servant. Damages. Before Judge Hillyer. Henry Superior Court. April Term 1879.

Reported in the decision.

A. R. Lawton; Stewart & Hall, for plaintiff in error.

Geo. W. Nolan; W. F. Wright; J. J. Floyd, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant, as one of its employees, to recover damages alleged to have been sustained by him in having been thrown off the defendant's road when going thereon in one of the defendant's crank-cars, in consequence of its alleged defective construction, and the negligence of the defendant. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $2,500.00. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

It appears from the record, that on the last trial of this case, the plaintiff amended his declaration and alleged " that the crank-car from which plaintiff was thrown, was not constructed as crank-cars usually are and were before that time, and of that fact plaintiff had no knowledge, and said car so constructed was much more unsafe than crank-cars constructed as usual, and that of this defendant had notice, and did not communicate the same to plaintiff."

The main controlling question in this case is whether the foregoing amendment to plaintiff's declaration, and the evidence introduced by him on the last trial of this case, takes it out of the ruling of this court in 58 *Ga.*, 485, in the case between the same parties, as to the right of the plaintiff to recover from the defendant under the law. What are the allegations in the amended declaration? First, that the crank-car from which plaintiff was thrown was not constructed as crank-cars usually are and were at that time— without alleging wherein it was not so constructed, or in what manner it was constructed differently from what crank cars usually are and were, so as to have put the defendant upon notice as to what was the alleged difference between the car from which he was thrown and other crank-cars usually used on defendant's road and other railroads. How was its construction different from other crank-

cars usually used on railroads? Second, that of that fact (to-wit) the fact that the crank-car was not constructed as crank-cars usually are, the plaintiff had no knowledge. How could the plaintiff have had any knowledge of the difference in the construction of that crank-car and other crank-cars usually used on railroads, if no such difference in its construction existed, or when the difference in its construction was not alleged and described? Third, that the said car so constructed, that is to say "not constructed as crank-cars usually are," was much more unsafe than crank-cars constructed as usual, and of this the defendant had notice, and did not communicate the same to the plaintiff. What was the difference in the construction of *the* crank-car from which the plaintiff was thrown and other crank-cars usually used on railroads of which the defendant had notice and did not communicate to the plaintiff? Can any human being tell what was that difference in the construction of the crank-car from which the plaintiff was thrown, and the construction of other crank-cars usually used on the defendant's and other railroads, of which the defendant had notice and failed to communicate to the plaintiff, from the allegations in the plaintiff's amended declaration? The legal presumption is that the plaintiff stated his case as strongly in his own favor in the amendment as the facts would authorize him to do. So much for the new case made by the plaintiff's amended declaration. What is the evidence of Reed, the plaintiff's witness, in support of the alleged new case made by the amendment? He states that he used the crank-car about two years and that it was properly constructed so far as he knew, except one wheel which was a little loose on the axle, of which he notified the plaintiff (the plaintiff testified that he wedged the wheel and said that he believed that it was as good now as it was the day it came out of the shop), that it frequently ran off the track with him at frogs—small flanges and light wheels made it liable to run off the track at frogs. Such cars as the plaintiff was

hurt on are liable to run off going over frogs rapidly, because of the small flanges and light weight wheels, as before stated. Plaintiff had several years experience as section master on the road, and had seen the car from which he was thrown in use repeatedly and rode on it with witness.

There is nothing in Reed's evidence going to show that the crank-car was not constructed as crank-cars usually are, but on the contrary states that it was *properly* constructed. It is true th it he states that it frequently ran off with him at frogs, not on account of its improper construction, or because it was was not constructed as crank-cars usually are, as alleged in plaintiff's amended declaration, but because such cars are liable to run off when going over frogs for the reasons stated by the witness. There is no evidence that this crank-car was any more liable to run of the track at frogs than any other crank-car of its class, and the plaintiff himself testified that he did not know what did cause it to run off. It is true this car had frequently run off with Reed at frogs, but all such cars are liable to run off at frogs when going rapidly, and there is no evidence how the car was going when it ran off with Reed. If this car had any hidden defect, not discoverable by ordinary diligence, different from other cars of the same class which caused it to run off at frogs when other cars of the same class would not, and the defendant knew it, then the plaintiff should have alleged and proved it at the trial. According to the allegations in the plaintiff's amended declaration, and the evidence adduced in support thereof, there is nothing to take the case out of the rulings of this court as made between these same parties and reported in 58 *Ga.*, 485.

Let the judgment of the court below be reversed.

Bleckley, Justice, concurring.

I concur in the judgment, not on the idea that the plaintiff's amendment to the declaration is not sufficiently certain and definite (there being no demurrer for want of cer-

tainty), but for the sole reason that the plaintiff failed to prove the matter of the amendment. His own witness testified that the car was properly constructed. If the particular car had a hidden vice not common to cars of its class, and if the supervisor knew of such hidden vice, the plaintiff was entitled to notice of it; but if the car would run off at frogs merely because it was a light car with short flanges, and if crank-cars properly constructed are constructed in that way, and therefore would be as liable as this particular one to jump the track at frogs, I think the plaintiff took the risk, and that he cannot recover.

JACKSON, Justice, dissenting.

In my judgment the case made on this trial takes this judgment of the superior court without the decision of the case between the same parties in the 58*th Ga.*

The supervisor of the track, the immediate superior officer of the plaintiff, who was a section master, directed the plaintiff to attend to some business on a section other than his own, and with which he was unacquainted, and put the plaintiff in charge of the supervisor's crank-car, with the use and working of which plaintiff was also unacquainted, having been on it but once with the supervisor; and although the supervisor knew that the car was light and the flange of the wheel quite shallow, and that the car ran off the track very easily at frogs, and had frequently run off with the supervisor at frogs, yet gave no notice thereof to the plaintiff, who did not know it ever ran off. The plaintiff had been accustomed to a pole-car, much heavier and less liable to run off the track, and in consequence of his want of notice of the character of this car on which the supervisor placed him, and of its having frequently run off the track with the supervisor at frogs, passing the point of danger with less care than he would have used had he known of its liability to run off at such a place, the car was thrown from the track and plaintiff was badly crippled.

This is substantially the case made by the plaintiff's proof,

the jury passed upon the evidence and believed this version of the transaction, introduced under an amendment not demurred to ; the presiding judge, certainly not inclined to be partial against railroad companies, as he is a director of one of them, approved the finding, and the rule applied to all natural persons that this court will not interfere with the discretion of the presiding judge in refusing a new trial on the ground that the verdict is strongly against the weight of the evidence, unless that discretion has been abused, should be applied, I think, in this case, under these facts, to this company.

If the above facts were believed by the jury, the company was negligent in that the supervisor did not warn his subordinate of the character of the car and the danger to be apprehended when it passed over the frogs, and the jury having found the fact of negligence against the company, it being peculiarly their office to pass upon questions of negligence—and there being evidence sufficient to support the finding—I cannot say that the judge abused his discretion, and therefore I think the judgment should be affirmed, and I dissent from the reversal.