THE CENTRAL RAILROAD vs. HASLETT.

1. Grounds of exception abandoned here will not be considered.
2. Where the order in which a case was argued resulted from an arrangement entered into between counsel for both parties and the court, it furnishes no ground for exception.
3. There was no error in refusing to charge that, " if there is a theory of the defendant which is supported by evidence and is not contradicted by other evidence in the case, then the jury would be authorized to adopt the same, unless they should believe that the witnesses who supported it were unworthy of credit." Whether such request was correct law or not, it was too general and vague, and might have misled the jury.
4. Newly discovered evidence, which is merely cumulative and which might have been procured in time for the trial by the exercise of proper diligence, will not require a new trial.
5. It is the duty of a railroad company to furnish its employés with reasonably safe material and tools for their use while working in its service; but if the employé is aware of the dangerous character of any particular tool or instrument, and continues to use it, he cannot have redress for any damage he may sustain by its use; nor would it alter the rule if an employé knowingly used a dan-

gerously defective tool under the immediate orders of a superior employé.

(a.) The evidence in this case does not show affirmatively that the injured employé had knowledge of the defect in the machinery which caused his injury, nor is it clear that it was any part of his duty either to inspect the piece of machinery in question or to report its defects.   The testimony as to the manner in which he used it and his care in applying it was conflicting, and the presiding judge having approved the finding of the jury, this court will not interfere.

(b.) In the absence of other evidence upon the point, it does not follow that a hand, whose duty it is to apply the brakes on a train, has sufficient skill to determine their fitness for use by an inspection.

(c.) Cases in 58 Ga., 485 ; 64 Id., 100, do not conflict with these views.

November 11, 1884.

Practice in Supreme Court.   Practice in Superior Court. Charge of Court. Newly Discovered Evidence. Railroads. Master and Servant.   Negligence.   Before Judge STEW-ART.   Monroe Superior Court.   August Adjourned Term, 1883.

Haslett brought suit against the Central Railroad for a personal injury.   On the trial, the testimony on behalf of the plaintiff was, in brief, as follows : He was a train-hand on defendant's train, and part of his duty was to put on the brakes.   He had made one trip on an old cab known as cab number 28, and had put on brakes at all the stations without acciden     On the second trip, at a certain station, the whistle was blown to put on brakes, and he put on his brake as tightly as possible, but when he let it loose, the cog-wheel failed to catch on the ratchet, and the brake-wheel turned back very rapidly, catching plaintiff's hand, breaking it and twisting his arm severely.   The cab was an old one, in bad condition, and two or three of the cogs were broken from the wheel.   It is the duty of the car-inspector to see that the cars are in good condition. The brake in this case ran upward through the seat, the wheel on which the plaintiff placed his hand being above the seat and the cog-wheel underneath.   On examination,

the cog-wheel appeared as if it had been broken for some time. There was also other evidence as to the extent of the injury.

The evidence on behalf of the defendant was, in brief, as follows : The cab was in good condition ; the cog-wheel was on the floor and sixteen inches below the seat. Beside the cog-wheel was a foot-pad which the brakeman used to hold the ratchet-wheel in its place in applying the brake. It was not the custom of the car-inspector to inspect the inside of cars. He testified that that was done by conductors and train-hands who used the car, and that he examined only such defects inside the cars as his attention was called to. The cab had been used, and plaintiff had been working on it for about two weeks before the accident, and subsequently thereto it was continuously used. On examination after the accident, no cogs were missing from the wheel.

The jury found for the plaintiff $1,200.00. Defendant moved for a new trial, on the following among other grounds:

(1), (2.) Because the verdict was contrary to law and evidence.

(3.) Because a plea filed by the defendant as a plea of justification was stricken by the court.

(4.) Because the court refused to allow the defendant to open and conclude on account of such plea.

(5,) (6.) Because the court erred as follows: After the evidence was submitted by both parties, defendant claimed the right to open and conclude the argument before the jury. The court directed counsel for the defendant to proceed with the opening argument, stating that the right to conclude would be decided before the argument closed. When an argument had been made for each side, the court struck the plea referred to in the third ground, decided that the plaintiff had the right to open and conclude, directed counsel for defendant to proceed with his second argument, and permitted counsel for plaintiff to conclude.

[The court added the following note concerning this ground of the motion: " When the evidence had been concluded on both sides, both plaintiff and defendant claimed the right to conclude, Mr. Cabaniss, for the defendant, being on the floor, insisting on the right to open and conclude the argument for the defendant. The court remarked that the decision in the Ocean Steamboat Company, to which reference had been made, was not in the court, and he would send for it and would then pass upon the question. Court then asked Col. Milledge, counsel for plaintiff, if he objected to Mr. Cabaniss's proceeding with the argument for the defendant, to which he replied that he did not, provided the question was decided before reaching the last two arguments in the case. Mr. Cabaniss then addressed the jury, followed by C. W. Smith for the plaintiff, after which the court held that the plaintiff was entitled to open and conclude the argument. Judge Hall then addressed the jury for defendant, and Col. Milledge concluded for the plaintiff."]

(7), (8.) Because the verdict was contrary to the charge.

(9.) Because the court refused to charge as follows: "If there is a theory of defendant that is supported by evidence that is not contradicted by other evidence in the case, then you would be authorized to adopt such theory, unless you should believe that the witnesses who supported such theory are unworthy of belief."

(10.) Because there was no evidence to support the verdict.

(11.) Because of newly discovered evidence    [This was the evidence of a physician who examined the defendant at the time of the injury, or shortly thereafter, and tended to show that it was not so severe as the plaintiff claimed.]

The motion was overruled, and defendant excepted.

T. B. CABANISS, by HARRISON & PEEPLES; JOHN I. HALL, for plaintiff in error.

MILLEDGE & SMITH; T. P. WESTMORELAND; BERNER & TURNER, for defendant.

HALL, Justice.

1. The exceptions to the rulings of the court in relation to what was claimed to be a plea of justification, as set forth in the 3d and 4th grounds of the motion for a new trial, were abandoned on the hearing before this court, and are therefore not considered.

2. The 5th ground of the motion takes exception to the order in which the argument of the case was conducted. The defendant cannot avail itself of this exception, because this order was the result of an arrangement entered into between counsel for both parties and the presiding judge, as certified by him.

3. The judge committed no error in refusing to charge the written request of defendant's counsel, as embodied in the 9th ground of the motion, " that if there is a theory of the defendant which is supported by evidence, and is not contradicted by other evidence in the case, then the jury would be authorized to adopt the same, unless they should believe that the witnesses who supported it were unworthy of credit." It is needless to inquire whether this request announces a sound principle of law. Whether it does so or not, it should not have been given. It is too general and vague, and is not specifically applied to any facts in proof. It might have misled the jury, while, as expressed, it is difficult to perceive how it could have aided in conducting them to any conclusion. From a very early period in the history of this court, such charges of abstract principles, which have not been applied to circumstances in evidence, have been condemned. As late as the last term of this court, in *Klink vs. Boland*, we held that, although a request to charge might contain a correct abstract principle of law, yet if it be so general as not to be of practical value in assisting the jury to reach a correct conclusion,

under the evidence, it would not be error to refuse to charge it; that it was the better practice to give in charge the precise law applicable to the facts, in plain terms, such as could be readily understood by men of ordinary business qualifications, rather than to deal in abstract principles, which could be easily comprehended only by persons of technical skill and learning. The purpose of every charge is to aid, and not to confuse, the jury. Cases holding that charges should conduce to this end are both numerous and uniform.

4. The newly discovered evidence contained in the 10th ground of the motion is " merely cumulative," and might, by the exercise of proper diligence, have been procured in time for the trial.

5. The controlling question in the case is that made by the 7th and 8th grounds of the motion for the new trial. It is insisted that the verdict was contrary to the charge of the court in regard to the negligence of the respective parties, which was, that if the plaintiff, who was employed as a brakeman upon the defendant's train, used a brake with a defective ratchet wheel, and could, by the exercise of ordinary care, have discovered the defect, and did not exercise such care, but continued to use the wheel, he could not recover; or if he had charge of the brake, and it was made his duty to report any defects that might exist in it, and he exercised ordinary care and diligence in trying to discover such existing defects, and failed to do so, then his diligence was the diligence of the railroad company, and he would be entitled to recover. These charges seem to have been given at the request of defendant's counsel, and whether correct or not, it has for that reason no right to complain of them. That it is the duty of the company to furnish its employés with reasonably safe material and tools for their use while working in its service, has been frequently decided, but it has also been repeatedly held that if the employé is aware of the dangerous character of any particular tool or instrument, and he continues to

use it, he cannot have redress for any damages he may sustain by its use. 50 *Ga.*, 465; 55 *Id.*, 133; 68 *Id.*, 699, 705; 70 *Id.*, 566, 568. Nor does it alter the rule that an employé, knowingly using a dangerously defective tool, does so under the immediate orders of a superior employé. *Ib.*, 568, 569, and cases cited.

The evidence·on the question of the plaintiff's knowledge of any defect in this brake is not conflicting; it does· not affirmatively appear that he had such knowledge; on the contrary, it is insisted that, if he had not been negligent in the performance of his duty, he would have had the knowledge; that he made no examination of the ratchet-wheel, and if he had done so, he would have discovered the defect; and further, that it was his·duty to report such defects. The evidence does not make it clear either that· it was any part of his duty to inspect this piece of machinery or to report defects in it. The extent to which it· went was that it was the duty of the conductor and train-hands to report any defect in implements or machinery inside the cars. It is very doubtful whether there is any such duty imposed by any rule of the company, or· whether it results from the custom which seems to have been followed by this particular inspector of cars, and whether, if any such custom exists, it was known to this train-hand; that it is the duty of the conductor and train-hands to make this inspection, in order to ascertain such defects, nowhere appears in this evidence; the length to· which their duty would seem to go is, that if they happen to discover defects, they shall report them. In the absence of evidence upon the point, it does not follow that a hand, whose duty it is to apply the brakes, has sufficient skill to determine their fitness for use by an inspection. One presumably less qualified for this duty it would be difficult to· select. The brakeman is not necessarily a skilled mechanic; no such qualification seems essential to the simple operation of applying the machinery provided to check the speed or to stop the progress of the train. If such.

qualification had existed, it would doubtless have been directly shown, and would not have been left as a mere matter of doubtful inference.

The case of the *Georgia Railroad and Banking Company vs. Kenny*, 58 *Ga.*, 485, so confidently relied on by the defendant, does not differ in principle from the foregoing case. Kenny was a section master, and as such was required to use the hand-car in question daily; he was experienced in this business, had control of the car, and although he had been notified of its defective condition, continued to use it; it was held that he could "not recover without making it appear that he did not discover the defect in time to avoid exposing himself to the danger, or that the defect was of such a nature as not to be discoverable in the reasonable and ordinary exercise of diligence in the 'course of his duty.'" The distinction between that case, as reported, and the one at bar is obvious; but were such not the fact, when it was again before this court, 64 *Ga.*, 100, and the plaintiff, on an amended declaration, had another verdict in the case, which the presiding judge refused to disturb, the decision was reversed, each of the judges delivering separate opinions. Bleckley, J., concurred with the Chief Justice, "for the sole reason that the plaintiff failed to prove the matter of the amendment," which was, "that the crank-car from which he was thrown was not constructed as crank-cars usually are and were before that time, and of that fact he had no knowledge, and that said car so constructed was much more unsafe than crank-cars constructed as usual, and that of this defendant had notice and did not communicate the same to him." Jackson, J., dissented, and was of opinion that the matter of the amendment was sufficiently proved, when it was shown that the supervisor of the track, the immediate superior officer of the plaintiff, who was a section-master, directed him to attend to some business on a section other than his own, with which he was unacquainted, and put him in charge of the supervi-

sor's crank-car, with the use and working of which he was also unacquainted, having been on it but once with the supervisor; and although the supervisor knew that the car was light and the flange of the wheel was quite shallow, and that it ran off the track easily at frogs, and had frequently done so with him, yet he gave no notice thereof to plaintiff, who did not know that it ever ran off. For want of the notice of the character of the car on which he was thus placed, and of its having ran off the track at frogs, he passed the point of danger with less care than he would have used had he been notified of its liability to leave the track at such points; the car was thus thrown from the track and the plaintiff badly crippled. There was, in the opinion of the dissenting Justice, evidence to justify the verdict, and the presiding judge having approved it, he thought, under the rule long established, that this court should not have interfered with this exercise of his discretion. To us it seems that the dissenting opinion was more in consonance with the law than either of the opinions that concurred in overturning the finding.

In our case, the plaintiff had made but one trip with this car; his opportunities for testing the brake had not been very ample; its defects were such that they might not have been disclosed by its frequent use; there was evidence too from which it might be inferred that the defective wheel was partially if not totally concealed. The testimony as to the manner in which the plaintiff used it and his care in applying it was conflicting; the jury doubtless thought the account given of the matter by defendant's witness improbable, and we cannot undertake to say that their conclusion in reference to it was erroneous. There is nothing to distinguish this from many other cases in which the evidence upon material questions is so con flicting as to sustain though not to require the finding - the presiding judge being content to let it stand, we cannot take it out of the usual rule and say that he did not exercise his discretion properly.

Judgment affirmed.