## DUKE *v.* BIBB MANUFACTURING COMPANY.

The plaintiff sued for injuries occasioned by a cord getting caught in moving machinery. An inspection would have disclosed its condition and that it was liable to get caught in the shaft, but it appeared that he had not examined and did not know of its condition, and there was nothing in the evidence which affirmatively showed that he was bound to inspect, or that he was required to be on that side of the machine where the cord was tied, and where he could have seen that it was unsafe. He proved his case as laid, without establishing such additional facts as would disprove his right to recover. It was therefore error to grant a nonsuit.

Submitted July 16,—Decided August 12, 1904.

Action for damages. Before Judge Roan. Newton superior court. September 24, 1903.

Duke sued the Bibb Manufacturing Company, alleging, that he was employed by the defendant in its mill; that the machine at which he was working had attached to it a handle, to be moved to throw off the belt running the machine; that the company attached to this handle a cotton cord, four feet long, and ordered him to use the cord, instead of the handle, to throw off the belt; that while in the line of his duty and using this cord to throw off the belt, the same came loose from the machine to which it was attached, dropped down on a rapidly revolving shaft, and was wrapped around the shaft before he could turn it loose, catching his two fingers, cutting them off, and injuring his arm. It was alleged that the company was guilty of negligence in fastening the cord so insecurely as to cause it to come loose; that if it was properly fastened at first, it became insecure by constant use; that the company should have known it was loose and had it fastened, as it was under the duty to exercise a continuous inspection of the cord; that the plaintiff was under no duty to inspect, did not know that it was loose, and could not

have known of it by ordinary care, such care as he was bound to exercise. The evidence for the plaintiff tended to establish the facts stated in the petition. He testified, that he was working on one side of the machine; that the string was tied to the handle on the other side; that the cord was intended to be pulled, in order to stop the machine without the necessity of going around to the handle; that he had been working on the machine all day; that if anybody had gone on that side, there was nothing to keep them from seeing how it was tied; that if it was worn, there was nothing to keep them from detecting it; that from where he was working he could not see where it was tied, because it was behind the frame. "I had no knowledge that the cord was liable to come loose. I thought it was as safe as any other part of the machine. . . If the cord had been properly tied there, it would not have come loose until it broke. . . The cords were taken off the machine the next morning, taken off all the machines. . . I did my work as I was told to do. I did not tie that cord; it was tied before I went there. . . I pulled it to stop the machine, and it came loose and snatched my fingers off. . . I had been working in the mill about three weeks," not all the time at this machine. "That was the only time the cord came loose while I was running it. . . I didn't know the cord was loose, until I pulled it to stop the machine. . . I never tied the cord, never paid any attention to the tying of the cord. It seemed to be safe. I had been pulling it for several days, and a number of times that day. Any person could have examined the cord and seen whether it was liable to come loose. I could have examined it. If I had made a particular examination I could have found out whether it was liable to come untied. . . The machine did not run every day. I could have stopped the machine by using the handle, but was instructed to use the string. Mr. Daniel instructed me to pull the string like I did. . . The cord will become weak after using it long enough. There was nothing about it to indicate that it had become weak." Another witness testified that "a person taking hold of the handle bar could have seen if the cord was sufficiently tied, if he had noticed it, but we were too busy with our work for that. He could have seen it by examining it." The court having granted a nonsuit, the plaintiff excepted.

· *J. F. Rogers* and *G. H. Cornwell*, for plaintiff. '
*J. M. Pace*, for defendant.

LAMAR, J. (After stating the foregoing facts.) The plaintiff was at work on one side of a machine. The cord was fastened to the other. An inspection would have disclosed its insecure condition, and that it was liable to get caught in the shaft. But it appeared that he had not examined and did not know of its condition. There is in the evidence nothing which shows that it was his duty to inspect, or that in the course of his employment he was required to be on that side of the machine where the cord was tied, and where he could have seen that it was unsafe. The plaintiff proved his case as laid, without establishing such additional facts as disproved his right to recover. *Evans* v. *Josephine Mills*, 119 *Ga.* 451. It was therefore error to grant the nonsuit. *Austin* v. *Appling*, 88 *Ga.* 55, 56 (2); *Central Railroad* v. *Haslett*, 74 *Ga.* 59. *Judgment reversed. All the Justices concur.*