H. H. BURWELL et al. v. W. H. S. BURGWYN.

*Usury — Mortgage — Judgment.*

1. When B. made a mortgage to W. to secure the indebtedness of a firm at and after a certain time, and also before that time there was other indebtedness due by the firm to W., upon all of which usurious interest had been charged: *It was held*, that B. could not be allowed a rebate for usury, so charged before she made the mortgage.

2. She could only be affected by usurious interest charged after she became liable for the debts of the firm, and then only to the extent of her liability.

3. Where the usurious interest is reduced to and included in a judgment, the judgment cannot be impeached as to that part, but is valid as a whole.

4. The proceeds of sale of B.'s mortgaged land must be applied to the discharge of the mortgage debt rendered to judgment, without regard to the fact that a part of it is usurious.

BURWELL *v.* BURGWYN.

PLAINTIFFS' APPEAL.

This was a CIVIL ACTION, tried before *Armfield, J.*, at the February Term, 1889, of VANCE Superior Court.

The facts necessary to an understanding of this case, not set forth herein, are to be found in *Burwell* v. *Burgwyn*, 100 N. C., 389

The amount was again referred to the former referee Young to state an account in conformity with the opinion of the Court. The parties plaintiffs are H. H. Burwell, J. S. Burwell and W. S. Stark, constituting the firm of Burwell Bros. & Co., and H. H. Burwell and Sophia W. Burwell, his wife. The last named joined her husband in a mortgage to secure the indebtedness of the firm.

The Court decided at the hearing of *Burwell* v. *Burgwyn*, above cited, that five-ninths of the interest charged the plaintiff firm by the defendant was usurious and directed a reference to reform the account between the parties in this respect. Accordingly, the referee re-opened the account.

The plaintiff Sophia W Burwell claimed that the account between Burwell Bros & Co. and defendant must be reformed from the beginning of that account in 1882.

The defendant insisted that the account could not be reformed as to Mrs. S. W. Burwell, further back than the date of her signing the bond and mortgage, August 17, 1885, and if so, then certainly no further back than the time embraced in the former reference, September 7, 1884, two years before the commencement of this action.

The referee found the following facts:

1. That stating an account from the time of the signing of the bond, deducting all over 8 per cent., made a difference of $532.16 in favor of plaintiffs

2. That stating account from September 7, 1884, the time covered by the former reference, would make a difference of $798.87 in favor of plaintiffs.

3. That stating account from the beginning of transactions with Burwell Bros. & Co., in 1882, would make a difference, in favor of plaintiffs, of $1,357.98.

Referee found the following conclusions of law :

1. That the amount to be stricken out under the said decision of the Supreme Court is $798.87.

2. That plaintiffs are indebted to defendant in the sum of $5,171.42.

Defendant excepted to referee's reforming the account as far back as September 1, 1884, and insisted that he could go back no further than August 17, 1885.

Plaintiff Sophia W. Burwell filed numerous exceptions.

Plaintiff S. W. Burwell filed numerous exceptions, some of which relate to matters passed on in the former opinion above cited, and others which are immaterial.

The case was referred to a special referee, Norfleet, who found, among other things, that the sum of $4,612.31, due defendant after making the deduction for usurious interest of $1,357.31, was still further reduced by credits on account of sale of land and other judgments by $2,922.24.

The following facts are the material parts of the statement of the case :

It appeared in said report that said amount—twenty-nine hundred and twenty-two dollars and twenty-four cents—included the sum of four hundred and seventy-two dollars and sixty-three cents, with interest from August 1, 1888, at 8 per cent. up to February 18, 1889, which was received by the said defendant from C. M. Cooke, Esq., commissioner, from the sale of the residence of W. S. Starke, one of the firm of said Burwell Bros. & Co., in the town of Henderson, N. C., which said property had been conveyed to defendant, as trustee, by said Starke and wife by deed, dated May 3, 1886, and duly recorded in said Vance County, to secure his $5,000 note, due by said Starke to H. H. and Joseph S. Burwell, the other two members of said firm of Burwell Bros. & Co., which

note had subsequently been assigned by said H. H. and Jos. S. Burwell to said defendant as collateral security for debt by said firm to defendant; and also included the sum of five hundred and twelve dollars and fifty cents, with interest from January 7, 1889, at 8 per cent., up to February 18, 1889, which was the proceeds of the sale of the interest of the said W. S. Starke in four hundred and twenty-four and one-half acres of land in Virginia, which had been conveyed by the said Starke and wife to the said defendant, as trustee, by deed, dated May 3, 1886, and duly recorded in said Vance County, N. C., and in said Mecklenburg County, Va., to secure his $5,000 note, due by said Starke to said H. H. and Joseph S. Burwell, which said note was subsequently assigned by said H. H. and Joseph S. Burwell to. defendant as collateral security for debt due by said firm to defendant.

To so much of said special referee's (Norfleet) report as applied said two amounts to the payment of said judgment against plaintiff S. W. Burwell, defendant excepted, his contention being that said amounts should be applied to the payment of the judgment against said firm of Burwell Bros. & Co.

It appeared that on the payment of the purchase price, to-wit, five hundred and fifty dollars and fifty cents, less expenses of sale, defendant immediately, to-wit, January 7, 1889, entered the same as a credit on the judgment against said firm of Burwell Bros. & Co heretofore obtained by him.

The Court below overruled defendant's above exception, to which order of the Court below overruling the same, and to the order of said Court overruling defendant's exception to referee's (Young) report, and also to the order of said Court overruling conclusions of law Nos. 1 and 2 of said referee's (Young) in his said report, and also the judgment of said Court in this cause, to-wit, that the said Sophia W. Burwell is indebted to the defendant in the sum of four thousand six hundred and twelve dollars and thirty-one cents, with interest

at 8 per cent. till paid—the same to be credited with the payments as found in said special referee's (Norfleet) report— defendant excepts, and prays the Court to sign and seal this bill of exceptions.

The plaintiffs, Burwell Bros. & Co., are insolvent.

Upon the facts as above set out, the Court rendered the following judgment:

"This cause coming on to be heard upon the amended report of referee J. R. Young, made in compliance with the judgment of the Supreme Court in said cause, and exceptions thereto filed by plaintiff and defendant, and argument of counsel thereupon, it is hereby ordered, adjudged and decreed that exceptions filed by said Sophia W. Burwell, to-wit, exceptions 1, 2, 3, 6 and 9, are overruled, and that exceptions of plaintiff, Nos. 4 and 5, are withdrawn and exceptions Nos. 7 and 8 are sustained, and further exception filed by defendant is overruled; and further, that said amended report in all other respects is affirmed, and that the said William H. S. Burgwyn do recover of the said Sophia W. Burwell the sum of four thousand six hundred and twelve dollars and thirty-four cents, with interest at eight per cent. from September 1, 1886, until paid, and costs of this action, to be taxed by the Clerk, subject to the following credits, as of the 18th day of February, 1889, to-wit, the sum of twenty-nine hundred and twenty-two dollars and twenty-seven cents.

"It is further ordered and adjudged that, unless the above judgment and interest shall be paid on or before the first day of April, 1889, then the commissioner, C. M. Cooke, heretofore appointed by the Court in this cause, be and the same is hereby directed and empowered to sell at public auction at the court-house door in the town of Henderson, Vance County, N. C., to the highest bidder, for cash, after having advertised the same for thirty days in the *Gold Leaf* newspaper, published in the town of Henderson, the real estate of the said Mrs. Sophia W. Burwell, to-wit, the house

and lot mentioned in the pleadings in this cause, and which is situate in the town of Henderson, N. C., and known as the Burwell residence, on Chestnut and Orange and Horner streets, and execute deed to the purchaser, and pay the proceeds to the defendant William H. S. Burgwyn in satisfaction of said judgment and cost, including said commissions, compensation of five per cent., and surplus, if any, over to the plaintiff."

From the above judgment the plaintiff and defendant each appealed.

*Mr. T. M. Pittman,* for plaintiff.
*Messrs. R. H. Battle, S. F. Mordecai, W. H. S. Burgwyn and A. C. Zollicoffer,* for defendant.

MERRIMON, C. J.: The judgment of this Court in this case, when it was here by a former appeal (*Burwell* v. *Burgwyn,* 100 N. C., 389), had reference only to the liability and rights of the *feme* appellant therein, who is the present appellee, and it was no part of its purpose to interfere with or modify, in any respect, the judgment of the Court below against Burwell Bros. & Co. in favor of the defendant, the present appellant, because they did not appeal. What the Court then said and directed to be done in respect to the usurious character of the contract between the last named parties was with the sole view to settle the rights of the present appellee growing out of it.

The case cited *supra* settled, in effect, that the purpose of the appellee's single bond and the mortgage of the land to secure the same, executed by her to the defendant appellant, was to secure the indebtedness due him from Burwell Bros. & Co. *at the time* she executed that bond, or that might so arise and come due thereafter, less any usury thereon paid or agreed to be paid. So that, under the re-reference directed, one material inquiry the referee was required to make was,

when did such indebtedness, existing at that time, first begin to exist? It appears that the dealings between Burwell Bros. & Co. and the defendant began in 1882, and continued current, or nearly so, for several years, but the indebtedness arising was discharged, and renewed and discharged, from time to time, and very many times, until a further final indebtedness arose and continued to exist at the time, and after the bond and mortgage were executed. Such indebtedness so arising the appellee assumed liability for. While her liability should not be increased by exactions of unlawful interest pending the currency of her contract to secure to the appellant defendant the indebtedness of Burwell Bros. & Co. to him, she cannot have benefit of such interest paid by them to the appellant, on account of former like indebtedness that had been discharged before her liability began. She had not obliged herself in any way to discharge such former indebtedness, and the interest paid on account of it did not affect her liability adversely, or concern her at all, in a legal or equitable point of view. Her right to be relieved as to the usury, rests upon the ground that it is unlawful, and she contracted, in legal effect, to be liable only for lawful interest. The contract between Burwell Bros. & Co. with the defendant to supply them with money was continuous—current; but their indebtedness to him was not; as we have said, it arose and was discharged from time to time. If they saw fit to pay an unlawful rate of interest before the appellee's liability began, as explained above, they had the right to do so; that they did, could not concern her, because she was not bound for such indebtedness; it did, however, concern her after she became liable, because she might have to discharge the indebtedness, and she was not bound to pay usury, or discharge the indebtedness increased by it. Her engagement did not embrace unlawful interest, in terms, and, if it had done so to that extent it would not have been binding.

The judgment in this action against Burwell Bros. & Co. in favor of the defendant appellant, so far as appears, is valid, although it embraced some usury. This did not vitiate or affect its validity. They were insolvent, and, several months after the appellee's liability began, two members of the firm transferred to the defendant a promissory note for five thousand dollars as collateral security for their indebtedness to him, and the maker of the note secured the same to him by a mortgage of certain real estate therein specified, which real estate was afterwards sold—part of it under a decree of the Court.

The appellee insisted, and the Court below held, that the proceeds of such sale of lands should be so applied as to reduce her liability, as above explained, on account of the judgment mentioned, because the judgment embraced unlawful interest that she was not bound to pay. In other words, the Court held that such proceeds should be applied only to discharge, in part, so much of the judgment as she was liable to pay.

The appellant contends, on the contrary, that he has the right to apply the proceeds of such sale, so far as the same may be sufficient, to the discharge of the judgment, unaffected by any right of the appellee, and we think his contention is well founded. The judgment was valid, and the judgment debtors had the right and were bound to discharge the whole of it, although it embraced usury. They might do so by paying cash, or they might devote any property, rights or credits they might have to that purpose, as it appears they did do to some extent, and the appellant had the right to accept such payment, or the security given, and that without regard to the liability of the appellee. The debtors had the right, without regard to her liability, to secure their indebtedness, in whole or in part, including usury, before the judgment was given, and she had no right to compel them to pay or secure only the valid part thereof,

if they chose to do otherwise. They transferred the note mentioned, which was afterwards secured by the mortgage of the land mentioned, to secure their indebtedness to the appellant, according to their contract with him; he obtained judgment against them for that indebtedness, including usury, and the proceeds of the sale of the land must be applied, so far as the same may be sufficient, to the discharge of the judgment, and without regard to the usury embraced by it. This is so, because the debtors so agreed to apply the note, or the proceeds thereof. No doubt, before the judgment was obtained against them, they might have availed themselves of the plea of usury, and thus have had the proceeds of the sale applied to the indebtedness, less the usury, but the judgment has put all question as to that out of the way. The whole indebtedness, including the usury agreed to be paid, has been merged in and rendered valid by the judgment as to Burwell Bros. & Co., and they, as they had the right to do, made the note mentioned collateral security for the whole indebtedness embraced by it.

There is error. The judgment must be set aside and the same referee directed to correct the account in accordance with this opinion, and further proceedings had in the action according to law.

Error.