JACOBUS v. WOOD.

1. In an action for damages by a discharged clerk, the evidence upon the issue as to whether he was employed by the month or by the year being conflicting, and the trial judge being satisfied with the verdict, his discretion in refusing to grant a new trial will not be interfered with.

2. In such a suit for a breach of the contract, testimony that the plaintiff was a poor salesman and an inefficient clerk was not admissible under the plea of the general issue, but such matter should have been pleaded specially. If the suit were upon a *quantum meruit*, such testimony would be admissible without special plea.

3. The discretion of the court in requiring the defendant to pay the costs of the suit before allowing him to amend his pleas, was not abused.

4. A ground for new trial, complaining of admission of testimony must state what the objection made at the trial was. Refusal to allow defendant's other clerks to testify as to the time for which they were employed by him and upon what terms they worked for him during plaintiff's employment, or defendant to testify that he hired all his clerks by the month and not by the year, was not error. Nor was it error to charge that he was liable for plaintiff's traveling expenses in seeking employment in other towns and cities.

March 10, 1890.

Verdict. Master and servant. Contracts. Evidence. Pleadings. Charge of court. Costs. Practice. Before Judge Roberts. Pulaski superior court. May term, 1889.

Reported in the decision.

L. C. Ryan, by brief, for plaintiff in error.

A. C. Pate and Jordan & Watson, *contra*.

Simmons, Justice.

Wood sued Jacobus for damages, alleging that the defendant had discharged him without due cause on February 1st, 1884, after having employed him as a clerk for the year from August 1st, 1883, to August 1st, 1884, at the monthly rate of $75.00. On the trial of the case, the jury found a verdict in favor of Wood. Defendant moved for a new trial upon the several grounds stated in his motion, which the court overruled, and he excepted.

1. The first three grounds taken in the motion are the usual ones, that the verdict was contrary to law and the evidence, etc. The main issue under the pleadings, as they appear in the record, was whether the employment of Wood was by the year or by the month, the

plaintiff insisting that it was by the year, and the defendant insisting that it way by the month. On this issue the evidence was conflicting. The jury having believed Wood, and the trial judge being satisfied with their verdict, we will not interfere with his discretion in refusing to grant a new trial upon that ground.

2. The main question argued before us for reversal of the judgment of the trial judge in refusing to grant a new trial, was based upon the fourth ground of the motion, which is as follows : (4) Because the court erred in refusing to allow the testimony of Alexander, that the plaintiff was a poor salesman and an inefficient clerk, to be introduced under the plea of the general issue, the court stating that there must be a special plea to allow such proof, etc. We think the ruling of the court in refusing this testimony was correct. This was a suit for damages for a breach of the contract, and the proof offered was in the nature of a justification of the conduct of the defendant in discharging the plaintiff. It amounted to an admission on the part of the defendant that he had discharged the plaintiff from his service, but he was justified in so doing because the plaintiff was a " poor salesman and an inefficient clerk." It did not negative any material allegation in the plaintiff's declaration, nor did it negative any proper testimony which the plaintiff was required to submit in order to make out his case. All that it was necessary for the plaintiff to prove was the contract for the year, and the discharge. The proof sought to be introduced was new matter, and could not legally be introduced under the general issue, and therefore should have been pleaded specially. If the suit had been on a *quantum meruit*, the testimony would then have been admissible without a special plea, because in that form of action the plaintiff must prove the value of his services, and the defendant can prove anything to reduce their value. Bridges v. Page, 13 Cal. 640 ; Boone's

Code Pl. 405; Speck *v.* Phillips, 5 Mes. & Wel. 278; Runyan *v.* Nichols, 11 Johns. 546.  See also Chit. on Pl. vol. 4, p. 438.

3. There was no error in the court requiring the defendant to pay the costs of the suit before allowing him to amend his pleas.  This was a matter in his discretion, and we do not think he abused it under the facts of this case.

4. We cannot consider the sixth ground of the motion, because it does not state what the objection was or that it was made at the time of the trial.  Nor was there any error in refusing to allow the other clerks of the defendant to testify as to the time for which they were employed by him, and upon what terms they worked for him, during plaintiff's employment; or in refusing to allow the defendant to testify that he hired all of his clerks by the month and none by the year.  Nor was there any error in charging, as complained of in the ninth ground of the motion, that the defendant was liable for the traveling expenses of the plaintiff in seeking employment in other towns and cities.

*Judgment affirmed.*