## 23583. SMALLWOOD *v.* WARFIELD.

DECIDED APRIL 6, 1934.

*Eli B. Hubbard, Alexander S. Boone,* for plaintiff in error.

GUERRY, J.  ■  J. B. Warfield had levied a common-law fi. fa. upon a described automobile truck, sawmill outfit, and mules, found in the possession of the defendant in fi. fa. The wife of the defendant in fi. fa., the plaintiff in error in this case, filed her claim, alleging that the property levied on was hers,—bought and paid for by her with her money, although the trades were made by her husband as her undisclosed agent. The evidence showed the automobile truck was purchased in 1930, and the sale contract therefor signed by her husband without any notice to the purchaser that he was acting for anyone else. The husband, defendant in fi. fa., testified that he had been acting as undisclosed agent for his wife since 1922, and that he owned no property of his own, either real estate or personal property; that the truck was bought for his wife to be used in the sawmill business of his wife, which was conducted and operated by himself, and that he returned all the property for taxes in her name, including the mules which belonged to him personally. The sawmill outfit levied on was bought by the husband, and the order of purchase and shipment was signed by him, and indorsed by J. S. Miller. This contract of purchase, which was not a conditional contract of sale, but merely a buying order, was afterwards transferred by the seller, the Taylor Iron Works, to J. S. Miller, and by Miller indorsed, without recourse, to claimant. It was disclosed on cross-examination of the defendant in fi. fa., that he had bought numbers of automobiles and other sawmills, "all being done in my name and business. I was acting for my wife. I did not think it necessary to tell these people anything about that

being for my wife's business." There was much testimony showing that over a period of years the defendant in fi. fa. had bought other sawmills and operated them in his own name. The same was true with reference to other automobiles and trucks.

There was no objection urged at the trial to the testimony of the defendant in fi. fa. that the automobile and sawmill were bought by him as agent for his wife and paid for with her money. Under the ruling in the case of *Walls* v. *Taylor, 36 Ga. App.* 537 (137 S. E. 119) : "Where a husband purchases an automobile and makes the initial payment thereon with money belonging to his wife, and executes a written contract therefor with the seller, in which title is reserved in the seller until payment of the entire purchase-money, and where the wife afterwards pays out of her own funds the entire balance due, the husband on such payment by her takes title to the property as her trustee, the trust becomes immediately executed, and the entire legal and beneficial interest is thereby vested in her, and she may afterwards sell the automobile and convey full title thereto. . . Evidence tending to establish the above-stated facts is not in contradiction of the terms of the written instrument under which the husband purchased the property." The sawmill outfit had been in the possession of the defendant in fi. fa. since 1923, the automobile truck since August, 1930. The judgment against the defendant in fi. fa. was obtained in April, 1931. There is no evidence as to the nature or character of the claim on which the judgment is based, nor as to the reasons for the extension of credit by the plaintiff to the defendant in fi. fa. If the plaintiff in fi. fa. extended credit to the defendant on the strength of his apparent ownership, without any notice of a secret equity in another, such owner may not, after such demand has been reduced to judgment, prevent the subjection of the property to such judgment. *Zimmer* v. *Dansby, 56 Ga.* 79; *Burt* v. *Kuhnen,* 113 *Ga.* 1143 (39 S. E. 414) ; *Kennedy* v. *Lee,* 72 *Ga.* 39; *Parker* v. *Barnesville Savings Bank,* 107 *Ga.* 650 (34 S. E. 365). This is a claim case and is governed by equitable principles. A bona fide purchaser for value and without notice of any equity will not be interfered with by a court of equity. In the *Zimmer* case, supra, it was said: "If the legal title to land be in the husband and he holds the possession thereof under such title, and the title and possession so remain until a creditor, who gave credit on the faith that the property was the hus-

band's, without any notice of the wife's equity, reduces his debt to judgment, the lien of such judgment will bind the land and will be enforced against a secret equity of the wife, resulting from the fact that her money paid for the land." The philosophy of the law is justice. The honest creditor who gives credit on the strength of the apparent ownership of personal property should be protected. Unless the creditor was misled in extending credit to the husband on the faith of his apparent ownership of the property, he had no right to subject it to payment of the husband's debt if the equitable title as a matter of fact was in the wife. The evidence in the case at bar is silent as to the reasons for the extension of credit on which the judgment is based; and the evidence of the husband, the defendant in fi. fa., if believed, disclosed an equitable title in the wife. It was therefore error for the court to direct a verdict in this case for the plaintiff in fi. fa. There was a conflict in the testimony as to the real ownership of the property levied on, and the issue should have been submitted to the jury.

The court did not err in admitting in evidence the conditional-sale contract. The fact of its execution may be testified to by any one who is able, from his own knowledge, to do so, it being only collaterally material and the defendant himself testifying to the execution of such a paper and not denying his signature.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. I think that the pleadings make this action a case in equity, and that this court is without jurisdiction to entertain it.