## 31015. JAMES *v.* NEWMAN.

PARKER, J. 1. The motion of the defendant in error to dismiss the writ of error upon the ground that the plaintiff in error "has attached to the brief of evidence, which is incorporated in the bill of exceptions, seven (7) documents which are included in full, and no effort was made to brief said documentary evidence so as to include only the material portions thereof, but much that is immaterial is included, and such failure to brief such evidence is a violation of the rules of this Court," is denied under the rulings in *Brawner* v. *Maddox,* 1 *Ga. App.* 332 (3) (58 S. E. 278), and *Holmes* v. *Pope,* 1 *Ga. App.* 338, 341 (58 S. E. 281).

2. Under the testimony of the plaintiff she had such title in herself at

the time of the filing of the suit, and such right of immediate possession in the automobile for which she sued, as would authorize the maintenance of her suit and a recovery by her, in the absence of proof to the contrary, and she was not estopped from asserting her title and right of possession under the rulings of this Court in *Watts* v. *Taylor*, 36 *Ga. App.* 537 (137 S. E. 119); *Smallwood* v. *Warfield*, 49 *Ga. App.* 93 (174 S. E. 185), and *Livingston* v. *Epsten-Roberts Co.*, 50 *Ga. App.* 25 (177 S. E. 79).

3. "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use. . . In an action for the recovery of damages on account of a conversion, proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential." *Merchants & Miners Transportation Co.* v. *Moore*, 124 *Ga.* 482 (52 S. E. 802). "In actions to recover the possession of chattels, it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought." Code, § 107-101.

4. The evidence must be taken most strongly in favor of the plaintiff, in passing on the question whether or not the court rightly awarded the nonsuit. *National Land & Coal Co.* v. *Zugar*, 171 *Ga.* 228 (2) (155 S. E. 7). "The general rule announced by the Supreme Court is that a motion for nonsuit should not be granted where there is any evidence tending to sustain the plaintiff's action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff." *Moseley* v. *Patterson*, 27 *Ga. App.* 133, 135 (107 S. E. 623). "If there be any evidence whatever to sustain the action, it must go to the jury, the court having no discretion in the matter of granting a nonsuit." *East & West R. Co.* v. *Sims*, 80 *Ga.* 807 (2) (6 S. E. 595).

5. The court erred in granting a nonsuit.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*

DECIDED OCTOBER 17, 1945.

*Pierce Brothers, W. D. Lanier,* for plaintiff.
*Hammond, Kennedy & Yow, Leonard H. Boller,* for defendant.