32039. ROGERS *v.* STAMOS, administrator.

DECIDED JUNE 5, 1948.

*W. George Thomas,* for plaintiff.

*E. A. Wright,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. "A motion to nonsuit presents for decision the single question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid." *Reeves v. Jackson,* 113 *Ga.* 182 (2) (38 S. E. 314). "The evidence must be taken most strongly in favor of the plaintiff, in passing on the question whether or not the court rightly awarded the nonsuit." *James v. Newman,* 73 *Ga. App.* 79, 80 (4) (35 S. E. 2d, 581).

· Construing the evidence in its most favorable aspect to the plaintiff in view of the foregoing principles, the only evidence in support of the allegations, or the only inferences that may be

said to arise in support of the allegations, in the case at bar, are that the decedent may have intended to make a will giving his farm to the plaintiff, but that he died before so doing, and that the plaintiff had paid for and placed an electric stove on his farm, and had rendered him services, and had furnished him with room and board for two or three years prior to his death. There is no evidence to support an agreement or contract to make a will and there is no evidence to authorize a recovery on a quantum meruit. See *Jacobus* v. *Wood,* 84 *Ga.* 638, 640 (10 S. E. 1099) ; *Collins* v. *Frazier,* 23 *Ga. App.* 236 (98 S. E. 188) ; *Woodruff* v. *Trost,* 73 *Ga. App.* 608 (37 S. E. 2d, 425).

The court did not err in granting a nonsuit, and in thereafter overruling the motion to reinstate the case.

*Judgment affirmed. Felton and Parker, JJ., concur.*