There being no evidence to support an agreement or contract to make a will, and there being no evidence to authorize a recovery on a quantum meruit, the court did not err in granting a nonsuit, and in thereafter overruling the motion to reinstate the case.
 DECIDED JUNE 5, 1948.
Elizabeth Bagwell Rogers filed suit in Fulton Superior Court against S. J. Stamos, as administrator of the estate of Charlie Mitchell.
In the petition it was alleged, substantially: that from March 1, 1943, until June 16, 1945, Charlie Mitchell had resided in the home of the plaintiff and had been charged $20 per week for room and board; that he had agreed with the plaintiff that if she would forego collecting this $20 per week, and let him apply this amount toward the payments on a farm he was buying, he would by will leave her this property, which is described in the petition; that on February 20, 1945, she advanced $100 to him, on March 5, 1945, another $100, in April, 1945, $400, all of *Page 286 
which was used by him to make payments on this farm; that she placed an electric stove worth $125 in a house on the farm; that since March 1, 1943, in addition to furnishing him with room and board, she had rendered many personal services, including the massaging of his crippled arm and leg, and furnishing him medicines; that as an inducement for her to continue furnishing him room and board and these services it was contracted and agreed between the plaintiff and Charlie Mitchell that he would give to her, by will, all physical properties and equipment owned and possessed by him, that he died suddenly on June 16, 1945, without having executed a will and that she has been injured and damaged because she furnished room and board to him for 116 weeks, advanced him $825 in cash, and an electric stove worth $125; that these items make a total of $3270. The petitioner in her prayer asked for judgment for $3270 and 7% interest from the date of Charlie Mitchell's death; or that the defendant specifically perform said contract by conveying and delivering to the plaintiff the physical property and equipment of Charlie Mitchell. There is no insistence upon the latter prayer, and the case has been handled by counsel for the plaintiff on the basis that it was purely an action at law.
The defendant filed his answer and plea of plene administravit praeter, in which he denied the material allegations, and in addition set out that the farm described in the petition had been sold, and that in the event of a judgment in favor of the plaintiff he would be liable only to the extent of the net balance of the estate, which was shown to be less than the amount for which the plaintiff asked.
The case proceeded to trial and S. J. Stamos, the administrator of the estate, testified that he knew the decedent had lived with the plaintiff and her mother, but that he knew of no contract on the part of the decedent to leave his property to anyone. The plaintiff testified that the decedent had lived with her and her mother for four or five years at one time, and had lived with her the last time from March 1, 1943, until his death on June 16, 1945. Mrs. Trinity Mahaffey testified that she had overheard conversations between the plaintiff and the decedent about a year before he died, and he had talked as if the property would be hers after his death; that he had lived *Page 287 
with the plaintiff two or three years the last time; that she had attended him when he was sick, and had attended to his business; that he had worked all during the time except towards the last when he was sick; that he had never mentioned anything about paying board, and that she did not know whether he did or not; that she did not know if the plaintiff ever advanced him any money, but that the plaintiff had bought an electric stove from her sister and had carried it to the farm. L. J. Bishop testified that he had been a roomer in the plaintiff's home, and that it had been his understanding that the decedent would give his farm to the plaintiff, but on cross-examination he stated he had never heard the decedent say what he was going to do with his farm.
Upon the close of the plaintiff's case, based on the above testimony, counsel for the defendant moved for a nonsuit, which the court granted. The plaintiff filed a motion to reinstate the case, and after a hearing this motion was denied. The case is here on exceptions to the judgment of the court granting a nonsuit, and the judgment overruling the motion to reinstate the case.
"A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. "A motion to nonsuit presents for decision the single question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid."Reeves v. Jackson, 113 Ga. 182 (2) (38 S.E. 314). "The evidence must be taken most strongly in favor of the plaintiff, in passing on the question whether or not the court rightly awarded the nonsuit." James v. Newman, 73 Ga. App. 79, 80
(4) (35 S.E.2d 581).
Construing the evidence in its most favorable aspect to the plaintiff in view of the foregoing principles, the only evidence in support of the allegations, or the only inferences that may be *Page 288 
said to arise in support of the allegations, in the case at bar, are that the decedent may have intended to make a will giving his farm to the plaintiff, but that he died before so doing, and that the plaintiff had paid for and placed an electric stove on his farm, and had rendered him services, and had furnished him with room and board for two or three years prior to his death. There is no evidence to support an agreement or contract to make a will and there is no evidence to authorize a recovery on a quantum meruit. See Jacobus v. Wood, 84 Ga. 638, 640
(10 S.E. 1099); Collins v. Frazier, 23 Ga. App. 236 (98 S.E. 188);Woodruff v. Trost, 73 Ga. App. 608 (37 S.E.2d 425).
The court did not err in granting a nonsuit, and in thereafter overruling the motion to reinstate the case.
Judgment affirmed. Felton and Parker, JJ., concur.