32164. GETZINGER *v.* LARISCY, guardian ad litem.

DECIDED OCTOBER 14, 1948.

*C. L. Hilton, L. H. Hilton,* for plaintiff.

*W. C. Hawkins,* for defendant.

SUTTON, C. J. Frank Getzinger sued Horace Lariscy Jr., in the City Court of Sylvania, for damages for killing one mule and injuring another on a public highway in the 80th G. M. District in Screven County, Georgia, by the negligent operation of an automobile, on the night of December 25, 1947. It was alleged that the negligence of the defendant consisted of the following acts and omissions: "(1) operating said motor vehicle at a speed that was greater than was reasonable and safe, having due regard to the conditions then existing; (2) operating said motor vehicle without exercising due caution with respect to livestock that might be in, on or upon said public highway; (3) operating said motor vehicle without efficient and serviceable brakes; (4) operating said motor vehicle with defective front headlights; and (5) failing to keep motor vehicle under proper control so as to avoid endangering the life, limbs or property of persons [that] might be in, on or upon said public highway."

The plaintiff, Getzinger, testified that he was a farmer and had lived for 27 years in the 80th G. M. District in Screven County, and that said district was a "fence district," meaning that livestock could legally run at large in this district; that on the night of December 25, 1947, seven of his mules and one horse got out of his field and were on the public highway where one of his mules was killed and another one was injured, and he testified as to the value of the two mules and the damages he had sustained in this respect. He testified: "A few days after the collision, Horace Lariscy Jr. came to his house and told him that he was the driver of the motor vehicle that collided with his mules. Horace Lariscy Jr. told him that he was driving in a

westerly direction on the Sylvania-Millen highway, and that he was right on a road full of mules before he knew it; that he turned out to keep from hitting the mules in the middle of the road, and struck one mule that was on the side of the road, killing it instantly, and then pulled back into the road and hit another mule. The road where the collision took place was perfectly straight, without any hill or incline for a distance of about one-fourth of a mile in each direction . . that Mr. Lariscy told him that he did not have time to stop after he saw the mules . . [and] made the statement that he was driving about thirty-five miles an hour at the time the collision occurred."

Another witness testified as to the value of the mules.

The plaintiff rested his case, and, on motion of the defendant, the court granted a nonsuit. The exception here is to that judgment.

Code (Ann. Supp.) § 68-301 (a) provides: "No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." Grounds 1 and 5 of the allegations of negligence in the petition are based on this statute. Code § 68-302 provides: "Every motor vehicle, tractor, and motorcycle, while in use or operation upon the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes." The plaintiff alleged that the defendant was operating his automobile at the time in question without efficient and serviceable brakes. It is provided by Code (Ann.) § 68-316 (a): "Every motor vehicle operated on the public streets or highways of this State shall be equipped with two front headlights located near the side extremities of the front, capable of revealing a person, vehicle, or object at least 500 feet ahead in the darkness, and so arranged that at no time will the beam from said lights create a blinding glare or interfere with the vision of the driver of any vehicle approaching within 500 feet of said vehicle." The plaintiff alleges that the defendant was operating his automobile with defective front headlights.

A statement of the evidence is set out above. Are the facts

and circumstances disclosed by the evidence sufficient to require the case to be submitted to a jury? We think so. The evidence must be taken most strongly in favor of the plaintiff in passing on the question of the granting of a nonsuit; and if there is any evidence tending to sustain the plaintiff's action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff, a nonsuit should not be granted. *James* v. *Newman*, 73 *Ga. App.* 79 (4) (35 S. E. 2d, 581); *Brown* v. *Savannah Electric & Power Co.*, 46 *Ga. App.* 393 (2), 396 (167 S. E. 773); *East & West R. Co. of Alabama* v. *Sims*, 80 *Ga.* 807 (2) (6 S. E. 595). "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. "Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." § 38-102. "If the evidence for the plaintiffs, circumstantial though it be, tends to reasonably establish the theory of the case made by the petition, and preponderates to that theory rather than to any other reasonable hypothesis [citations], it was error to enter a nonsuit." *Callaway* v. *Hall*, 58 *Ga. App.* 795, 796 (199 S. E. 899), and citations.

The mules were in and on the side of the public highway, where it was not unlawful for them to be, when they were struck by the defendant's automobile, and "the road where the collision took place was perfectly straight, without any hill or incline for a distance of about one-fourth of a mile in each direction." The defendant himself said that he was driving about 35 miles per hour at the time the collision occurred, and that he did not have time to stop after he saw the mules in the road and one on the side of the road, and that he pulled out to miss those in the road and hit and killed the one on the side of the road, and then swerved back in the road and hit another mule. From the facts and circumstances in this case, we think it within the province of a jury to say whether or not the defendant was negligent in the operation of the automobile that struck and injured the plaintiff's mules as alleged in this action. We think that a

jury could say or properly infer from the evidence that the defendant was operating his automobile without sufficient lights and brakes, or else he could have seen and stopped his car before striking and injuring the mules as he did, or that he was operating his automobile at a greater rate of speed than was reasonable and safe, having due regard to the conditions then existing, or in failing to keep his car under proper control so as to avoid endangering the life, limbs, or property of persons that might be in or on said highway. Consequently, the trial judge erred in granting a nonsuit.

*Judgment reversed. Felton and Parker, JJ., concur.*