## 33549. BUTLER *v.* THE STATE.

DECIDED JUNE 5, 1951. REHEARING DENIED JULY 17, 1951.

*Wesley G. Bailey,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, J. E. Thrift, Charlie O. Murphy,* contra.

GARDNER, J. There are three elements which constitute the crime for which the accused was convicted: (1) Entrustment; (2) the use for which made; (3) the fraudulent conversion by the bailee. At the trial, before the jury, counsel for the defendant admitted the entrustment and the purpose, and submitted only one question to the jury: Whether or not there was a fraudulent conversion. That is the only question here to determine. Is the evidence which we have related substantially sufficient to sustain the verdict? It is contended by counsel for the defendant that since the defendant was on the premises and had about an hour of work time left in which he could have delivered the money to the supervisor of the delivery department, and since he had the money on his person wrapped in the pink invoice slip, this evidence is insufficient to show a conversion. We disagree with this view. What is conversion? Black's Law Dictionary (2d ed.) defines conversion at law to be: "An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." This court in *James* v. *Newnan*, 73 *Ga. App.* 79 (3) (35 S. E. 2d, 581), had this to say: " 'Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use.' *Merchants & Miners Transportation Company* v. *Moore*, 124 *Ga.* 482 (52 S. E. 802) ."

It might, to some, appear queer, as counsel for the defendant argues, why the detectives handled the transaction concerning the bed frame as this record shows they did. The jury were authorized to find, from the testimony of the detectives of Rich's Inc. that the detective department was alerted by the transaction with the school the day before the $7.95 transaction, and for which school account the defendant received a check for $69.95, which he did not turn in to Rich's Inc., and which was found on his person after he was arrested. Yet he had two days in which to turn in this check. The record does not reveal, and of course we do not know, how many customers were furnished with

marked currency with which to pay.for merchandise delivered on the day the bed frame was delivered. Of course, if he had turned in the marked bills which he received in payment for the bed frame, there would have been no case against him for this item.

The court did not err in overruling and dismissing the certiorari.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*