Jossey *vs*. Stapleton.

JOSIAH W. JOSSEY, JR., plaintiff in error, *vs*. JOHN D. STA-
PLETON, defendant in error.

1. That plaintiff's cause of action was not set forth with sufficient clearness
   in his declaration, was no ground of non-suit. Remedy was by special
   demurrer or by objection to testimony.

2. As a general rule, a new trial will not be granted on the ground that a
   witness states, after the trial, that he was mistaken as to the facts testified
   to by him, the more especially when the defendant fails to show that he
   did not know the facts were different at the time the testimony was given.

3. The verdict was neither contrary to the law nor to the evidence.

Practice in the Superior Court. Non-suit. Pleadings. New
trial. Before Judge CLARK. Webster Superior Court. March
Term, 1876.

Reported in the decision.

JOHN R. WORRILL, for plaintiff in error.

GUERRY & SON; THOMAS H. PICKETT, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant on a
written contract alleging a breach thereof to his damage $200.
On the trial of the case the jury found a verdict for the plain-
tiff for the sum of $200 00. The defendant made a motion
for a new trial on various grounds, which was overruled by
the court, and the defendant excepted.

The presiding judge certifies that the 4th and 6th grounds
taken in the motion were not true.

1. There was no error in overruling the defendant's motion
for a non-suit because the plaintiff's cause of action was not
set forth with sufficient clearness and distinctness. If the
plaintiff's objection had been well founded it might have been
good cause for special demurrer to the plaintiff's declaration,
or to have objected to the plaintiff's evidence under it, but it
was not a good ground for a non-suit.

2. As a general rule, a new trial will not be granted on the

ground that a witness, who was sworn at the trial, states after the trial that he was mistaken as to the facts testified to by him, the more especially when the defendant fails to show to the court by his own affidavit that *he* did not know the facts were different at the time the witness testified to them at the trial: *Mitchell vs. Printup,* 25 *Georgia Reports,* 182; *Jones vs. McCrea,* 37 *Ibid.,* 48.

3. There is sufficient evidence in the record to support the verdict, and therefore it is not contrary to law nor the evidence. It does not appear from the evidence in the record, that the defendant did not know as much about the fence, or that he did not know that Adams did before and at the time of the trial as afterwards. There was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.