GREENFIELD & BROWN *vs.* VASON, trustee.

1. Where it is sought to subject a trust estate at law for necessaries furnished    the *cestuis que trust*, the declaration should not only set out the names of such *cestuis que trust* and describe the property of which the estate consists, but should also set forth the terms of the trust, so as to disclose what were its scope and purpose, or what, if any, restrictions were imposed upon the trustee's power, and the value of the property, whether it yields any income, or whether an encroachment on the *corpus* will be necessary and proper; and also the condition in life and circumstances of the *cestuis que trust.* Failing in this, the declaration is demurrable.

2. The plaintiff having failed to introduce the instrument creating the trust, or to account for its absence and make out his case by secondary proof, a non-suit should have been granted on motion.

3. Where a motion for non-suit has been made and sustained, and an entry to that effect has been made on the judge's docket, but before the judgment of non-suit has been put in writing and placed upon the minutes, the plaintiff has a right to dismiss his suit voluntarily, and a refusal to permit him to do so was error.

(*a.*) While defective pleadings may authorize the dismissal of a suit, they afford no ground of a non-suit.

(*b.*) The effect of the dismissal of a case on demurrer because no case has been made out by the allegations in the petition, as *res adjudicata*, discussed.

(*c.*) This case distinguished from that in 55 *Ga.*, 20.

September 16, 1884.

Equitable Pleadings. Practice in Superior Court. *Res Adjudicata.* Trusts and Trustees. Before Judge BOWER. Dougherty Superior Court. April Term, 1884.

Reported in the decision.

D. H. POPE, for plaintiffs in error.

W. E. SMITH, for defendant.

HALL, Justice.

This was a suit at law brought to charge a trust estate in the hands of the defendant, as trustee, with the value of goods furnished by the plaintiffs, alleged to be necessary for the cultivation of the land belonging to the trust estate, and for the maintenance and support of the *cestuis que*

Greenfield & Brown vs. Vason, trustee.

*trust.* The declaration stated that the defendant's wife (naming her) and her children were the *cestuis que trust,* and also described the property of which the estate consisted, but it did not set forth the terms of the trust, so as to disclose to the court and jury what were its scope and purpose, or what, if any, restrictions were imposed upon the trustee's power, nor did it state the value of the property held in trust, whether it yielded any income, or whether an encroachment upon the corpus would be necessary or proper; neither did the condition in life, the circumstances or wants of the *cestuis que trust* appear. For these omissions, the declaration was demurrable. *Gaudy vs. Babbitt et al.,* 56 *Ga.,* 640.

But the court overruled the demurrer and sustained the declaration. The plaintiffs then endeavored to make out their case by parol proof, in the absence of the instrument creating the trust. They took no steps to bring that paper before the court. Among other evidence offered to sustain this suit were certain returns of the trust property, made by the defendant to the tax receiver of Dougherty county, in the year when the account sued on was contracted. This evidence was objected to, and the objection being sustained, it was rejected. The defendants having moved a non-suit, the motion was sustained, and an entry to this effect was made on the judge's docket, but before the judgment of non-suit was put in writing and placed upon the minutes, the plaintiffs announced that they would voluntarily dismiss their suit, but were not permitted to do so. The court then passed an order awarding the non-suit, not only "for the want of sufficient allegations in the pleading," but also "for the want of sufficient evidence" to sustain the suit.

From what has been heretofore said, it is apparent that there was no proper or sufficient evidence to sustain this suit, and that the non-suit was properly awarded upon that ground. Had the terms of the trust appeared by proper evidence, that is by the exhibition of the instrument creating it, or by properly accounting for its absence and a

Greenfield & Brown *vs.* Vason, trustee.

resort to secondary evidence as to its contents,—had these
terms been set forth in the declarations, together with such
other averments as have been shown to be indispensable,
then the tax books may have been competent evidence.
The court should have sustained the demurrer.   While
defective pleadings may authorize the dismissal of a suit,
they afford no ground for a non-suit.   H id the demurrer
been sustained, the plaintiffs by amendment could have
remedied the defects in their pleading, and the court should
not have awarded a non-suit because of these defects, after
overruling the demurrer, without at least giving notice of
his change of opinion upon this subject.   This error, how-
ever, in view of what subsequently occurred, did not injure
the plaintiffs.

Had the declaration been amended, so as to conform
in all respects to the requirements of law, still the tes-
timony fell short of sustaining the case, and necessi-
tated the non-suit.   The plaintiffs did not question the
propriety of the non-suit upon this ground; they volun-
tarily offered to dismiss it.   They preferred this course,
because they were apprehensive if they suffered a non-
suit upon the motion of their adversaries, they would be
precluded from renewing their suit.

In 56 *Ga.*, 185, this court broadly held that where a
suit was dismissed upon defendant's motion, on the ground
that the allegations in the petition did not make a case
upon which plaintiffs could recover, this was a judgment
of the court upon demurrer to the declaration, and ope-
rated as a complete bar to a second suit for the same cause
of action, and might be pleaded as " *res adjudicata* "
thereto.

It is said that this decision has been questioned, if not
seriously modified, by subsequent adjudications. of the
court, and that it does not distinguish with sufficient care
between pleadings perfect in themselves and such as are
defective for want of form and specific allegations.   How
far this is true, if true at all, it is needless to inquire.   It
is a decision concurred in by three judges, and cannot be

Greenfield & Brown *vs.* Vason, trustee.

reversed, or materially changed, except by a full bench, after argument had, in which the decision, by permission of the court, has been expressly questioned and reviewed, and we are not aware that this decision has ever been reversed or changed according to these requirements. Code, §217. Until this is done, it is as binding and obligatory upon all the courts as would be an act of the general assembly.

To force these plaintiffs to take this risk, which they sought to avoid, would, it seems to us, under the circumstances of this case, have been to apply an extremely rigorous rule. The entry of non-suit on the bench docket was a mere memorandum, and did not embody the final action of the court. It is not like refusing to allow the dismissal of a case, after the publication of the verdict of a jury in court, or after the plaintiff has information that it is against him. 55 *Ga.*, 20. It more closely resembles the case of *Smith vs. Hornsby*, 70 *Ga.*, 552, 556, than any other to which our attention has been called, in which it is said the defendants had a right to withdraw their demurrer before the court had pronounced and entered his final decree thereon; an intimation or declaration of the judge that he would overrule the demurrer would not debar the right of withdrawal. Code, §3447 and citations. To adopt this practice will not imperil rights that seem to be well founded. The contrary rule, if not a violation of the letter of the above cited section of the Code, is at least contrary to its liberal and beneficent spirit. For refusing to grant permission to the plaintiffs to dismiss their suit, the judgment of non-suit awarded must be vacated and set aside.

Judgment reversed.

JACKSON, Chief Justice, said that in the case in 56 *Ga.*; 185, the question determined on the demurrer was, whether any case was made, not the mere existence of defects in the pleadings.