REEVES *et al.*, trustees, *v.* JACKSON *et al.*

1. When a defendant goes to trial without demurring to the plaintiff's petition, no question as to its legal sufficiency is before the court.

2. A motion to nonsuit presents for decision the single question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid.

3. The evidence for the plaintiffs in the present case met the requirements of the rule above indicated.

Submitted March 2, — Decided March 28, 1901.

Equitable petition. Before Judge Gober. Cobb superior court. November 23, 1899.

To the facts stated in the opinion it may be added that the allegations of the petition were as follows: In the year 188– there was organized a lodge of what is known as the Grand Templars in the city of Marietta. A short time after their organization they purchased a lot and built a house thereon, which was known as the Grand Templars' Hall. Early in 1894 petitioners and the entire membership of Grand Templars agreed between themselves that they would dissolve or abandon said organization of Grand Templars, and organize in lieu thereof a lodge of Good Samaritans, which was done at said time. It was agreed between all of the members

of the Grand Templars that the title to said property should go into and become the property of the Good Samaritans, but said deed was not made before the dissolution of said lodge of Grand Templars.  Said lodge of Good Samaritans, immediately after their organization, took possession of said property, and have had the use, possession, and control of it until on or about October 25, 1898. Said property is located on the south side of Polk street, and bounded on east by the property of Anne Key, west by property of Eph. Williams and what is known as Sisters' Hall in city of Marietta, Ga.   Petitioners (Annis Lowe, John Williams, and Fred. Reeves) are the duly elected and appointed trustees of said Good Samaritan Lodge, and are entitled to the possession, use, and control of said property.   On or about October 25, 1898, Squire Jackson and Peter Simmons were excluded from membership in said lodge, and on the next day they and Ed. Alexander, forcibly and against the will of petitioners and said lodge of Good Samaritans, took possession of said property and placed a lock upon the door, and refused and still refuse to allow petitioners or said lodge to enter the lodge-room and use and possess the same as heretofore.   The said lodge is now deprived of the use of said lodge-room, regalia, and other paraphernalia of said organization, on account of said wrongful acts of said three defendants, who have no interest, title, or right of possession in said property.   The same is worth $10 per month for rent.   Defendants are insolvent.   Waiving discovery, plaintiffs pray :   (1) That defendants be required to deliver possession of said house and lot in dispute to petitioners as trustees, and be enjoined from interfering with them and said Good Samaritan Lodge in the full use and enjoyment of said property.   (2) That the title of said property be decreed to be in petitioners as trustees of said Good Samaritan Lodge No. 37; and that such further relief be granted as may seem just and proper.   (3) For process.

*Mozley & Griffin*, for plaintiffs.
*J. O. Gartrell* and *E. W. Frey*, for defendants.

LUMPKIN, P. J.   The plaintiffs, Fred. Reeves and others, brought against the defendants, Squire Jackson and others, an equitable petition for injunction and for the recovery of a described house and lot.   The facts upon which the former based their claim to the premises in dispute were fully set forth in their petition, and it does

not appear that the latter demurred thereto or in any manner questioned the sufficiency of the plaintiffs' allegations to entitle them to the relief for which they prayed. The case went to trial before a jury upon the petition and an answer denying all the material averments thereof. When the plaintiffs closed, the defendants moved for a nonsuit, and the court thereupon passed an order in these words: "Plaintiffs failing to make out a case, it is ordered that this case be, and the same is hereby, dismissed, with leave of defendants to sign judgment for cost." To this the plaintiffs duly excepted.

Treating the order, though in form one of dismissal, as a judgment of nonsuit, our question is: did the court err in passing the same? We feel constrained to hold that it did. A careful reading of the evidence set forth in the bill of exceptions shows that the plaintiffs introduced testimony supporting every material allegation in their petition. Upon the assumption that their witnesses were entitled to credit, they proved their case as laid. This being so, they ought not to have been nonsuited. It is inferable from the use of the phrase, "failing to make out a case," that his honor may have entertained the opinion that the plaintiffs were not entitled to a recovery upon the facts they alleged, even if they did succeed in proving them; or, in other words, that their petition did not set forth a cause of action. Whether or not this is so is a question which was not, so far as the record discloses, properly made in the court below, and certainly is not presented by the bill of exceptions. It could have been raised by a general demurrer to the petition. It was not raised by the motion to nonsuit. The office of such a motion is not to test the legal sufficiency of a petition, but the sufficiency of evidence introduced to sustain the allegations thereof. *Anderson* v. *Pollard,* 62 *Ga.* 46; Bank *v.* Smith, 24 U. S. 173; Heard's Stephen on Pleading, *90. The only question properly presented by such a motion is: has the plaintiff submitted evidence which, if true, makes out the case stated in the petition? If so, the case should be allowed to go before the jury, the credibility of the witnesses being a matter exclusively for their determination. If the testimony does not come up to the requirement just indicated, there should be a nonsuit, if the defendant asks for it.

The principle we now assert was, to some extent, involved in the carefully-considered case of *Roberts* v. *Keeler,* 111 *Ga.* 181, in

which it was held that a general complaint that a verdict was "contrary to law" did not present "the question whether or not the plaintiff's petition was good as against a general demurrer." The case of *Phillips* v. *Southern Railway Co.*, 112 *Ga.* 197, is more closely in point. It was there decided that where a case went to trial upon a petition and answer, with no objection from either side to the pleadings of the other, an exception to the direction of a verdict for the defendant presented for decision no question except whether or not the evidence, taken most favorably for the plaintiff, established the material allegations of his petition; and that such an exception in no event brought under review the question whether or not, upon the facts alleged, the plaintiff was, as matter of law, entitled to a recovery. In the opinion, Mr. Justice Lewis very properly remarked: "The only proper way to make such a question is by demurrer to the petition." Under the law as we understand it, the present case ought to have been submitted to the jury, and not disposed of by the order to which exception was taken.

*Judgment reversed.    All the Justices concurring.*