### 11180. Peeples *v.* Aultman.

Stephens, J.  1. Where a plaintiff fails to prove his case as laid, a nonsuit is proper.

2. Where a plaintiff declared upon an alleged contract between him and the defendant wherein it was agreed that the plaintiff should as a real-estate broker sell for the defendant, for a specified commission, certain lands, and where the plaintiff's evidence upon the trial showed that prior to any performance of the contract sued upon the plaintiff entered into a partnership in the real-estate business with another, and after such partnership had been formed the partner entered into negotiations with the defendant and obtained a modification of the terms of the original agreement made between the plaintiff and the defendant relative to the sale of the land, there was shown no right in

the plaintiff to recover under the alleged contract declared upon, and a nonsuit was proper.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED AUGUST 13, 1920.

Complaint; from city court of Tifton — Judge Price. November 14, 1919.

J. E. Peeples sued for certain commissions ·alleged to be due him as a real-estate broker, upon the sale of certain lands of the defendant. From the evidence at the trial it appeared that early in the year 1919 the defendant listed with the plaintiff certain lands for sale at $45 per acre, and agreed to pay him a commission of 5% on the sale. In June or July, 1919, the plaintiff formed a partnership with J. M. Peeples, under the firm name of J. E. Peeples & Son, and subsequently and before performance of the alleged contract J. M. Peeples entered into negotiations with the defendant which resulted in an agreement by the defendant to accept $40 per acre for his lands, and to pay a commission of 5%. The .property was afterwards sold upon this basis, the defendant refused to pay the commission agreed upon, and J. E. Peeples brought this suit. The trial judge granted a nonsuit, upon the ground that "the evidence showed that the cause of action, if any, was in the partnership composed of J. E. Peeples and J. M. Peeples, and not in the plaintiff."

*Fulwood & Hargrett,* for plaintiff.

*Ridgdill & Mitchell, R. D. Smith,* for defendant.