ELROD, trustee, *v.* McCONNELL.

No. 7334. JULY 30, 1930.

*C. N. Davie* and *J. F. Kemp,* for plaintiff.
*Clarke & Clarke,* for defendant.

RUSSELL, C. J. This was a bill brought by a trustee in bankruptcy to enjoin the daughter of the bankrupt from encumbering or disposing of the mining interest in property conveyed to her by her father. Plaintiff alleged that the father was adjudicated a

bankrupt on November 5, 1927, and made the conveyance to the daughter on September 12, 1927, for love and affection, which was within four months prior to date of such adjudication; that the conveyance was to hinder, delay, and defraud creditors; that possession had not passed; and that the daughter was insolvent. He prayed for title, besides injunction, and attached copy of the deed. The daughter answered and set up that the interests conveyed her in the deed were given her in fact more than four months prior to the bankrupt's adjudication; that she had received same and put same on the market before her father's insolvency; and that same was not assets of her father. Plaintiff introduced the father as a witness, who testified to the above dates of bankruptcy and deed, but testified he gave the mineral interests to his daughter in an irregular kind of transfer prior to the deed, but the clerk would not record it; so he gave her a deed. He admitted writing a note to attorney for the trustee, on September 1, 1926, saying he could not pay a note, and testified: "It may be that you would consider that I am insolvent in September, 1926, because I had not lost or gained any." He admitted owing the debts set up at the time he executed a deed to the daughter, and various financial reverses. Counsel for the defendant moved for a nonsuit, and the court sustained the motion. To this judgment plaintiff excepted on the ground that it was for the jury to say whether the father was insolvent when he transferred the mining rights to the daughter.

The exception in this case is to the judgment awarding a nonsuit upon motion of the defendant. As remarked by Judge Bleckley, nonsuit is purely a mechanical process by which plaintiff's case is "chopped off." *Vickers* v. *A. & W. P. R. Co.,* 64 *Ga.* 306. The trial judge always awards a nonsuit at his peril; for if the facts proved would, by any reasonable inference, support a finding in favor of the plaintiff, it is error to deprive plaintiff of his right to have the jury instead of the court sum up the facts of the case and mold their conclusion into a verdict. See *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209); *Corcoran* v. *Merchants &c. Co.,* 1 *Ga. App.* 741 (57 S. E. 962). In the case at bar the consideration of whether the court erred in awarding a nonsuit must be by analysis of what was proved by plaintiff, and by determination of the question whether the proof submitted by plaintiff, with all legal and

reasonable inferences deducible therefrom, would have authorized a recovery by plaintiff, rather than a summary dismissal of his cause of action. The contention of the defendant is that she was clothed with title by her father more than four months before the adjudication in bankruptcy, and that for this reason, among others, the plaintiff could not in any case recover. The contention of the defendant as set forth in her plea finds no support whatever in the evidence before the court at the time the nonsuit was ordered. If the defendant, as seems to be the case, relies upon a parol gift of the mineral interest in the land described, it must be borne in mind that, under the fourth division of § 3222 of the Civil Code (the Georgia statute of frauds), "any contract for the sale of lands or any interest in or concerning them" must be in writing "signed by the party to be charged therewith, or some person by him lawfully authorized." So the alleged gift of the mineral interest in March, 1926, is absolutely void and worthless. The only muniment of title adverse to plaintiff is the deed attached to the petition, which was put in evidence on the trial, and which shows conclusively that it was made within four months of the adjudication in bankruptcy. There can be no question as to this, because there is no evidence that the daughter took possession of the property or paid taxes thereon. In fact her father, in testifying as a non-expert as to the law, swore that mineral lands are not subject to taxation, which unfortunately is directly in conflict with the provisions of § 1008 of the Civil Code, which declares: "All persons owning any mineral or timber interests, or any other interest or claim in or to land less than the fee, shall return the same for taxation and pay taxes on the same as on other property. And any person failing to comply with the requirements of this section shall be proceeded against as a defaulting taxpayer." See also *Wright* v. *Central of Ga. Ry. Co.*, 146 *Ga.* 406, 410 (91 S. E. 471).

Plaintiff proved substantially the case laid in his petition, by the father of the defendant. The father was named as a defendant, but he did not answer, and was stricken from the case pending trial. We are clearly of the opinion that the trial judge erred in awarding a nonsuit.

*Judgment reversed. All the Justices concur.*

BECK, P. J., concurs in the result.