## CLARK *v.* BANDY.

No. 14616.   SEPTEMBER 11, 1943.

552

558

*R. Carter Pittman, Barry Wright,* and *Leon & Dean Covington,* for plaintiff. *D. W. Mitchell, and Wright, Willingham & Full-bright,* for defendant.

GRICE, Justice. It is as much the duty of this court to refrain from passing upon issues not embraced within the errors assigned as it is to decide those that are. That which lies beyond the exceptions is forbidden ground. What are the essentials of a cause of action, whether or not the alleged contract relied on is lacking in mutuality, or the agreement void because of lack of certainty in its terms, and other kindred questions referred to in the briefs, although presenting an inviting field, is one which this court on this record can not enter, because the sole assignment of error is

one that protests the granting of a nonsuit. In some jurisdictions, the reviewing court in passing upon such an assignment will look to the pleadings; but a contrary rule prevails in this State. With us, a motion for nonsuit merely takes the place of what is known to the common-law practice as a demurrer to the evidence, and on such demurrer no exception can be taken to the pleadings. *Kelly* v. *Strouse,* 116 *Ga.* 872, 881, 882 (43 S. E. 280), and the English authorities there referred to. After quoting from *Anderson* v. *Pollard,* 62 *Ga.* 46, 50, the statement by Mr. Justice Bleckley, that "A motion for a nonsuit is aimed at the evidence as compared with what the declaration is, not at the declaration as compared with what it ought to be," it was further stated in *Kelly* v. *Strouse* that "The ruling in the case last cited is supported by the earlier rulings, and has been followed in nearly all the later decisions;" and of the apparently contrary rulings in *Alford* v. *Hays,* 87 *Ga.* 155 (13 S. E. 315); and *Zettler* v. *Atlanta,* 66 *Ga.* 195, it was said that they must yield to the earlier cases. Certain language in the Code, § 110-310, might seem to support the view that a nonsuit should be granted in all cases where the plaintiff ought not to recover; but this was considered in *Kelly* v. *Strouse,* where it was decided that nothing in that section changed the rule that had been established in this State, and which, with the two exceptions above noted, had been uniformly followed, to wit, that when a court passes upon a motion for nonsuit it decides only one question, that is, do the allegations and the proof correspond? On this question see *Rountree* v. *Seaboard Air-Line Railway Co.,* 31 *Ga. App.* 231 (120 S. E. 654), where later rulings by this court were cited in support of the proposition that even though a petition may not set out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit.

One count in the petition in the instant case sounds in equity, the other in law. It was said in *Sandeford* v. *Lewis,* 68 *Ga.* 482, that there is no such thing as a nonsuit in equity practice. It can readily be understood how under the English equity practice, and indeed under that followed in the Federal courts in this country, there could be no such thing as a nonsuit, because the chancellor

without a jury decides issues of fact as well as law. If on the trial the chancellor finds in favor of the defendant, even though the testimony be in conflict, the usual order taken is that the bill be dismissed. 1 Foster's Federal Practice (2d ed.), § 300. In *Hart* v. *Henderson*, 66 *Ga.* 568, this court said that technically there is no such thing as a nonsuit in an equity cause, and in affirming the grant of a nonsuit in such a case said that there was no evidence on which a decree could be had for the complainant as the pleadings then stood, and that the nonsuit was equivalent to a motion to dismiss, which should have been granted. In *Wilson* v. *Hall*, 67 *Ga.* 53, it was ruled in an equity case that if the evidence on the trial fails to sustain the allegations of the bill, "a motion to dismiss, in the nature of a nonsuit, may be granted." In *Frank* v. *Atlanta Street Railroad*, 72 *Ga.* 338, may be found the statement that a motion to dismiss a bill in equity is analogous to a motion for a nonsuit at law, and that the same general law is applicable to each case. The four cases referred to immediately above were decided before the passage of our act approved October 24, 1887 (Ga. Laws 1886-7, p. 64), which in reality abolished the court of equity as a separate court, and established a uniform mode of procedure in all civil suits in the superior courts of this State. In none of the Code sections where nonsuit is mentioned is there anything to indicate that it was designed to be available only in law cases. We have no hesitancy in holding that under the uniform procedure act above referred to, it may be employed in a case seeking equitable as well as in one which merely seeks legal relief, even though originally it was unknown to the equity practice; and when a motion for nonsuit is made in an equity case that is being submitted to a jury, it should in all respects be dealt with as if it were presented in a case at law.

Since a failure to set out the plaintiff's cause of action with sufficient clearness is no ground of nonsuit (*Jossey* v. *Stapleton*, 57 *Ga.* 144), and defective pleadings afford no reason for the grant of a nonsuit (*Greenfield* v. *Vason*, 74 *Ga.* 126), and since the office of such a motion is not to test the legal sufficiency of a petition (*Reeves* v. *Jackson*, 113 *Ga.* 182, 184, 38 S. E. 314; *McCandless* v. *Conley*, 115 *Ga.* 48, 41 S. E. 256), or to invoke a ruling as to whether the petition states a cause of action (*Evans* v. *Josephine Mills*, 119 *Ga.* 448, 46 S. E. 674), but only brings up the question

whether the plaintiff proved his case as laid, without establishing such additional facts as disproved his right to recover (*Duke* v. *Bibb Manufacturing Co.,* 120 *Ga.* 1074, 18 S. E. 408); and since further, a nonsuit will be refused if there be even slight evidence to support the plaintiff's case (*Barnett* v. *Terry,* 42 *Ga.* 283 (3); *Elrod* v. *McConnell,* 170 *Ga.* 892, 154 S. E. 449), we need not make inquiry as to whether or not the plaintiff's petition was defective, nor are we here concerned with any question of substantive law with respect to the subject-matter of the suit. Our duty is merely to examine the allegations of the petition and the proofs offered by plaintiff, and to compare the same in order to determine whether, on application of the principles hereinbefore referred to, the nonsuit should have been granted. In so doing, when the testimony of the plaintiff himself is being considered, there will be borne in mind the rule that if a plaintiff fails to establish the material allegations of his petition, or if his testimony is contradictory and uncertain as to such allegations, the court, on motion to nonsuit, should construe the evidence most strongly against him, and may, if no other testimony appears, be authorized to grant a nonsuit. Such was the full-bench decision in *Ray* v. *Green,* 113 *Ga.* 920 (39 S. E. 470), where it was also held that if the plaintiff introduce other witnesses whose testimony is sufficient to establish the allegations of his petition, it is error to grant a nonsuit.

A summary of the allegations of the petition and of the evidence appears in the preceding statement of facts. By a comparison of the one with the other, it must be held, on application of the principles hereinbefore referred to, that it was erroneous to grant a nonsuit. The indefiniteness in the testimony as to the terms of the contract was not more so than the allegations. That Clark was carried on the records as an employee, that social-security payments were deducted from what otherwise would have gone to him, that he included in no income-tax returns anything representing his interest in the enterprise, that he gave in the property for taxes as belonging to Bandy, that in answering garnishments directed to the concern he answered that he was agent for the garnishee, were not in themselves sufficient necessarily to break down the other portions of the plaintiff's testimony. Taking his testimony as a whole, certain statements appearing in the depositions of the defendant, the defendant's reference to the partnership, contained

in his letter of October 21, 1940, and the testimony of the witness Windham as to conversations with Bandy, the proofs were sufficient to withstand the motion for nonsuit.

While it has often been held that a nonsuit is improper when the plaintiff proves his case as laid, and it is as equally well established under the Georgia decisions that the reversal of a nonsuit is not an adjudication that the plaintiff is entitled to recover, or that the petition states a cause of action, nevertheless, if the defendant calls in question the sufficiency of the petition by demurrer, as he has a right to do, and the court renders an erroneous decision holding that the petition sets forth a cause of action, when in truth it does not, and the defendant acquiesces in that decision, the defendant can not thereafter be heard to say that no cause of action was set forth. *Kelly* v. *Strouse,* supra. We have said this in passing, for the reason that the bill of exceptions in the instant case recites that on the call of the case for trial "the court overruled defendant's demurrer as amended," it not being stated whether the demurrer was general or special, or whether the ruling so made was before or after the petition was amended into its present form.  *Judgment reversed. All the Justices concur.*