## 30574. ADVANCED REFRIGERATION INC. *v.* UNITED MOTORS SERVICE INC.

DECIDED SEPTEMBER 27, 1944.

Complaint; from Fulton civil court—Judge Bell. April 18, 1944.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for plaintiff.

*Neely, Marshall & Greene,* for defendant.

PARKER, J. Advanced Refrigeration Inc. sued United Motors Service Inc. for $1226, alleged to be the amount of two judgments obtained against the former by E. B. Kantor and his wife, which it had been required to pay. The plaintiff alleged that the acts on

which liability was predicated against it by the Kantors were acts of negligence committed by United Motors Service Inc. in which it did not participate. The plaintiff is engaged in the business of servicing for the public household appliances such as electrical refrigerators, and was employed by the Kantors to service their frigidaire. In so doing the plaintiff engaged and employed the defendant to make necessary inspection and repairs on the motor of the frigidaire, and delivered the same to the defendant at its place of business after taking it out of the home of the Kantors, and replaced it in their home after it was repaired by the defendant. The home and furniture of the Kantors were damaged as the result of a fire which originated in the electric motor a few hours after it had been repaired and replaced as stated, for which damages they sued Advanced Refrigeration Inc. and obtained judgments. After satisfying the judgments, Advanced Refrigeration Inc. sued the defendant herein to indemnify itself for the amounts paid and for its damages sustained by the alleged negligence of the defendant in failing to properly inspect and repair the said motor. At the conclusion of the plaintiff's evidence, upon motion of the defendant, the court granted a nonsuit. The exception is to that ruling.

■ "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. "A motion to nonsuit presents for decision the single question whether or not the evidence introduced in behalf of the plaintiff, assuming it to be true, proves his case as laid." *Reeves* v. *Jackson,* 113 *Ga.* 182 (2) (38 S. E. 314). The sole question for our decision is whether the evidence for the plaintiff was sufficient to withstand the motion for a nonsuit and carry the case to a jury. A consideration of some things the evidence failed to show is probably as helpful in deciding the issue as a review of what it did show. The plaintiff did not show that the motor taken from the Kantor home was the same motor that was returned and placed back in the refrigerator. This is material because Mr. Kantor, testifying for the plaintiff, said that in his opinion the motor returned was much smaller than the motor taken out, and that the

fire was caused by the returned motor having been too small. There was evidence to the effect that overloading a motor might tend to cause a fire. Mr. Hahn, an expert witness, testified that the breaking down of the bearings in the motor is what he would say caused the fire, "if I were picking out one thing;" and that a failure to properly lubricate the bearings after the motor was replaced was one of the chief things to cause the bearings to break down and set it on fire. He testified it was quite possible for a motor to be oiled in a shop, and in bringing it out and installing it for the oil to spill, and it should be checked to see if the oil was there after it was installed, regardless of what had been done before. He also testified that a failure to properly lubricate the motor after it was replaced in the refrigerator would be the most logical reason for the fire, although there were other reasons that possibly could have caused it. Mr. White, the service man for the plaintiff, testified that he replaced the motor in the Kantor's home, that it fit the base in the refrigerator perfectly, but he could not say it was the same motor that was taken out. It was identical in size and model, but could have been a different motor. He testified that it didn't seem to need oil, but that he oiled the bearings after it was installed; that he didn't know what caused it to catch on fire later on; and that if he did not, by some slight chance, get enough oil in the bearings, even though he had done everything he knew to do, "that could have been the cause of the motor catching on fire." Mr. White admitted that he did not check the room temperature in which the frigidaire was located, although he had a thermometer, and he did not recall whether he took the head pressure, although he had a head-pressure gauge, and that if the head pressure in the compressor was not normal when it was started up, it put an undue and unusual load on the motor so that it would not refrigerate, and that he did not check the products stored in the frigidaire. He admitted that he had one of the Handy Reference Guides gotten out by frigidaire, that he read it and knew about Seven Simple Steps that should be followed in diagnosing every normal service call before the book came out, and that "on this occasion I only looked at it to do about three of the seven."

The burden was on the plaintiff to prove its case as laid. The gist of the plaintiff's case was that the defendant's negligence, and not its own, proximately caused the motor to catch on fire. After

carefully considering all of the evidence we have reached the conclusion that the plaintiff failed to carry the burden imposed on it by the law and that the nonsuit was properly granted. *Harris* v. *Paulk,* 10 *Ga. App.* 334 (73 S. E. 430) ; *Peeples* v. *Aultman,* 25 *Ga. App.* 609 (103 S. E. 808) ; *Byas* v. *Hammond,* 32 *Ga. App.* 18 (122 S. E. 708). Counsel for the plaintiff in error candidly and commendably concede that the plaintiff did not prove, except by inference, any of the negligence charged against the defendant in the petition as amended, but contend that the facts and inferences proved were sufficient for the application of the doctrine of res ipsa loquitur. The case of *Candler* v. *Automatic Heating,* 40 *Ga. App.* 280 (149 S. E. 287), is cited and relied upon. In the cited case it appeared that "as to installation and maintenance [of the heating apparatus], it was virtually in the control of the defendant company," and the evidence tended to exclude the existence of any cause of the fire except one due to the improper operation of the apparatus, or to the negligence by the defendant in installing or maintaining it. In the case at bar the defendant did not have exclusive control of the motor, and did not replace it after it was repaired, and it can not reasonably be determined from the evidence whether negligence by the defendant or the plaintiff or a third party caused the injury. This is a distinguishing difference between the cited cases and the instant case. Other cases cited by the plaintiff in error on this point are sufficiently different on their facts as not to be applicable to this case.

The court did not err in granting the nonsuit.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur*