33682. KIRBY *v.* ATLANTA GAS LIGHT CO.

Decided October 11, 1951—Rehearing denied November 9, 1951.

*C. Wesley Killebrew, Carl E. Sanders,* for plaintiff.

*Fulcher & Fulcher,* for defendant.

WORRILL, J. (After stating the foregoing facts.) The sole question for determination by this court on exception to the granting of a nonsuit is whether or not the plaintiff's evidence is sufficient to prove her allegations. *Kelly* v. *Strouse,* 116 *Ga.* 872, 883 (43 S. E. 280); *Candler* v. *Automatic Heating Inc.,* 40 *Ga. App.* 280, 283 (149 S. E. 287); *Advanced Refrigeration Inc.* v. *United Motors Inc.,* 71 *Ga. App.* 576, 577 (31 S. E. 2d, 605). "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. Although the language in that section seems to indicate that a nonsuit should be granted in all cases where the plaintiff ought not to recover, it was held in *Kelly* v. *Strouse,* supra, and *Clark* v. *Bandy,* 196 *Ga.* 546, 559 (27 S. E. 2d, 17), that in a motion for nonsuit there is only one question: Do the allegations and the proof correspond?

In the case of *Clark* v. *Bandy,* supra, it was stated, "Since a failure to set out the plaintiff's cause of action with sufficient clearness is no ground of nonsuit (*Jossey* v. *Stapleton,* 57 *Ga.* 144), and defective pleadings afford no reason for the grant of a nonsuit (*Greenfield* v. *Vason,* 74 *Ga.* 126), and since the office

of such a motion is not to test the legal sufficiency of a petition (*Reeves* v. *Jackson,* 113 *Ga.* 182, 184, 38 S. E. 314; *McCandless* v. *Conley,* 115 *Ga.* 48, 41 S. E. 256), or to invoke a ruling as to whether the petition states a cause of action (*Evans* v. *Josephine Mills,* 119 *Ga.* 448, 46 S. E. 674), but only brings up the question whether the plaintiff proved his case as laid, without establishing such additional facts as disproved his right to recover (*Duke* v. *Bibb Manufacturing Co.,* 120 *Ga.* 1074, 18 S. E. 408); and since further, a nonsuit will be refused if there be even slight evidence to support the plaintiff's case (*Barnett* v. *Terry,* 42 *Ga.* 283 (3); *Elrod* v. *McConnell,* 170 *Ga.* 892, 154 S. E. 449), we need not make inquiry as to whether or not the plaintiff's petition was defective, nor are we here concerned with any question of substantive law with respect to the subject-matter of the suit. Our duty is merely to examine the allegations of the petition and the proofs offered by plaintiff, and to compare the same in order to determine whether, on application of the principles hereinbefore referred to, the nonsuit should have been granted."

Construing the evidence most favorably to the plaintiff as we must do where the question of granting a nonsuit is under consideration (*Highsmith* v. *National Linen Service Corp.,* 63 *Ga. App.* 112, 10 S. E. 2d, 237; *Mason* v. *Hall,* 72 *Ga. App.* 867, 873, 35 S. E. 2d, 478), the evidence was sufficient to sustain the allegations of the petition and withstand the nonsuit. While the evidence did not specifically establish the alleged negligence of the defendant in connection with the work upon the gas fixtures, the evidence, construed most favorably for the plaintiff, must be treated as showing that no one other than the defendant took part in the conversion of the gas fixtures. In these circumstances the doctrine of res ipsa loquitur would authorize the inference that the defendant was negligent in making the changes in the instrumentality, which released the gas which injured the plaintiff. See *Candler* v. *Automatic Heating Inc.,* supra; *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106, (43 S. E. 443); *Macon Coca-Cola Bottling Co.* v. *Crane,* 55 *Ga. App.* 573, (190 S. E. 879).

Since the allegations of the petition were supported by the evidence and reasonable inferences therefrom, the court erred in granting a nonsuit.

*Judgment reversed. Felton and Townsend, JJ., concur. Townsend, J., was designated to preside in place of Sutton, C. J., disqualified.*