34584.  WHITED *v.* ATLANTA COCA-COLA BOTTLING CO.

DECIDED MAY 19, 1953.

*Wm. E. Zachary, Marvin O'Neal, Jr.,* for plaintiffs in error.
*Marshall, Greene, Baird & Neely,* contra.

GARDNER, P. J. 1. It is conceded that the nonsuit is based on the proposition that the evidence, both direct and circumstantial, is insufficient to show that the bottle of Coca-Cola purchased by the plaintiff through the vending machine was a bottle of Coca-Cola sold by the defendant to the Downtown Chevrolet Company's vending machine. Let us first see the pleadings regarding this issue. Paragraph 3 of the petition pertaining to this issue alleges: "That the defendant did, on the date set out hereafter, or some date prior thereto, deliver such sealed bottles of Coca-Cola in a quantity to a place of business known as the Downtown Chevrolet Company." The defendant in its answer admits this paragraph of the petition. The succeeding paragraph 4 alleges: "That on August 22, 1951, petitioner purchased from the said Downtown Chevrolet Company *a bottle of said Coca-Cola manufactured, bottled, and described by the defendant as aforesaid.*" (Italics supplied.) It will thus be seen that, so far as the pleadings are concerned, it is alleged on the part of the plaintiff and admitted on the part of the defendant that the defendant on the date in question, August 22, 1951, or prior thereto, delivered Coca-Colas to the vending machine from which the plaintiff purchased the Coca-Cola from which he drank. It is alleged in the petition in paragraph 4 that a bottle of the said Coca-Cola so delivered by the defendant to the Downtown Chevrolet Company as alleged in paragraph 3 was purchased by the plaintiff on August 22, 1951, from which bottle the plaintiff drank and consequently became ill. The defendant contends that the evidence is insufficient to show that the bottle of Coca-Cola purchased by the plaintiff was a bottle of Coca-Cola delivered by the defendant company as alleged in paragraph 3.

2. To determine this question, since we have set out the evidence in detail, as well as the pleadings, it becomes necessary that we examine the law with reference to a nonsuit under such evidence in order to conclude whether the trial court was authorized to grant a nonsuit. In a nonsuit, the sole question is whether or not the evidence on behalf of the plaintiff is sufficient to prove the material allegations of the petition. In *Kirby v. Atlanta Gas Light Co.*, 84 *Ga. App.* 786, 788 (67 S. E. 2d 413), this court stated: "The sole question for determination by this

court on exception to the granting of a nonsuit is whether or not the plaintiff's evidence is sufficient to prove her allegations. *Kelly* v. *Strouse,* 116 *Ga.* 872, 883 (43 S. E. 280); *Candler* v. *Automatic Heating Inc.,* 40 *Ga. App.* 280, 283 (149 S. E. 287); *Advanced Refrigeration Inc.* v. *United Motors Inc.,* 71 *Ga. App.* 576, 577 (31 S. E. 2d, 605). 'A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted.' Code § 110-310. Although the language in that section seems to indicate that a nonsuit should be granted in all cases where the plaintiff ought not to recover, it was held in *Kelly* v. *Strouse,* supra, and *Clark* v. *Bandy,* 196 *Ga.* 546, 559 (27 S. E. 2d 17), that in a motion for nonsuit there is only one question: Do the allegations and the proof correspond?

"In the case of *Clark* v. *Bandy,* supra, it was stated, 'Since a failure to set out the plaintiff's cause of action with sufficient clearness is no ground of nonsuit (*Jossey* v. *Stapleton,* 57 *Ga.* 144), and defective pleadings afford no reason for the grant of a nonsuit (*Greenfield* v. *Vason,* 74 *Ga.* 126), and since the office of such a motion is not to test the legal sufficiency of a petition (*Reeves* v. *Jackson,* 113 *Ga.* 182, 184, 38 S. E. 314; *McCandless* v. *Conley,* 115 *Ga.* 48, 41 S. E. 256), or to invoke a ruling as to whether the petition states a cause of action (*Evans* v. *Josephine Mills,* 119 *Ga.* 448, 46 S. E. 674), but only brings up the question whether the plaintiff proved his case as laid, without establishing such additional facts as disproved his right to recover (*Duke* v. *Bibb Manufacturing Co.,* 120 *Ga.* 1074, 18 S. E. 408); and since further, a nonsuit will be refused if there be even slight evidence to support the plaintiff's case (*Barnett* v. *Terry,* 42 *Ga.* 283 (3); *Elrod* v. *McConnell,* 170 *Ga.* 892, 154 S. E. 449), we need not make inquiry as to whether or not the plaintiff's petition was defective, nor are we here concerned with any question of substantive law with respect to the subject matter of the suit. Our duty is merely to examine the allegations of the petition and the proofs offered by plaintiff, and to compare the same in order to determine whether, on application of the principles hereinbefore referred to, the nonsuit should have been granted.' "

Where the grant of a nonsuit is under consideration, we must construe the evidence most favorably to the plaintiff. *Highsmith* v. *National Linen Service Corp.,* 63 *Ga. App.* 112 (10 S. E. 2d 237); *Mason* v. *Hall,* 72 *Ga. App.* 867, 873 (35 S. E. 2d 478); *Kirby* v. *Atlanta Gas Light Co.,* supra. See also *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S. E. 443); *Macon Coca-Cola Bottling Co.* v. *Crane,* 55 *Ga. App.* 573 (190 S. E. 879). In *Mason* v. *Hall,* supra, p. 873, this court said: "A motion for nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's action, or when the jury can fairly infer from the evidence a state of facts favorable to the plaintiff. *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623); *Gresham* v. *Stewart,* 31 *Ga. App.* 25, 27 (119 S. E. 445); *Starr* v. *Greenwood,* 48 *Ga. App.* 535, 540 (173 S. E. 243); *Hawkins* v. *National Surety Corp.,* 63 *Ga. App.* 367, 372 (11 S. E. 2d 250); *East & West R. Co.* v. *Sims,* 80 *Ga.* 807 (2) (6 S. E. 595); *Stephens* v. *Stephens,* 168 *Ga.* 630, 645 (148 S. E. 522). The jury may, from facts proved, and sometimes from the absence of counter-evidence, infer the existence of other facts reasonably and logically consequent on those proved. Code § 38-123." See *Anderson* v. *Blythe,* 54 *Ga.* 507.

From the allegations of the petition and the evidence when applied to the authorities hereinbefore cited and quoted, we are of the opinion that the court erred in granting a nonsuit. We have studied carefully the decisions called to our attention by learned counsel representing the defendant. They are: *Georgia Ry. & Electric Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076); *White* v. *Executive Committee of the Baptist Convention,* 65 *Ga. App.* 840 (2) (16 S. E. 2d 605); *Herman* v. *Aetna Casualty & Surety Co.,* 71 *Ga. App.* 464, 470 (31 S. E. 2d 100); *Sixth Street Corp.* v. *Daniel,* 80 *Ga. App.* 680, 684 (57 S. E. 2d 210); *Miller* v. *Gerber Products Co.,* 207 *Ga.* 385 (62 S. E. 2d 174); *Pendleton* v. *Newton,* 78 *Ga. App.* 205, 208 (50 S. E. 2d 753). We find nothing in those cases sufficient to sustain the granting of a nonsuit under the whole record in this case.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*