### 37037. GENERAL FINANCE & THRIFT CORPORATION v. DAVIS et al.

CARLISLE, Judge. 1. "The sole question for determination by this court on exception to the granting of a nonsuit is whether or not the plaintiff's evidence is sufficient to prove [his] allegations." *Kirby* v. *Atlanta Gas Light Co.,* 84 *Ga. App.* 786, 788 (67 S. E. 2d 413), and cit. It follows that where the sole assignment of error in the bill of exceptions is on the granting of a nonsuit, it is indispensable to a consideration thereof by this court that there be incorporated either in the bill of exceptions or in the record transmitted to this court an approved brief of the evidence or a stenographic report of the evidence under the provisions of the act approved December 22, 1953. Code (Ann.) § 70-312. See *Tompkins* v. *Hardison,* 31 *Ga. App.* 276 (1) (120 S. E. 556).

2. A document cannot be considered by this court as a brief of the evidence unless it is approved as correct by the trial judge. *Porter* v. *State,* 56 *Ga.* 530; *Perry* v. *Perry,* 188 *Ga.* 477 (4 S. E. 2d 184). However, the trial judge has no jurisdiction to approve the brief of the evidence after he has signed and certified the bill of exceptions transmitting the case to this court for a consideration and review of the only issue in the case, to wit, the correctness of his granting a nonsuit. *Jones* v. *State,* 64 *Ga.* 697 (2); *Milton* v. *City of Savannah,* 121 *Ga.* 89 (2) (48 S. E. 684); *Kelley* v. *City of Atlanta,* 141 *Ga.* 612 (2) (81 S. E. 869); *Boatright* v. *Boatright,* 150 *Ga.* 68 (102 S. E. 424). This is true notwithstanding the order appended to the certificate to the bill of exceptions attempting

to retain jurisdiction for the purpose of approving the brief of the evidence.

3. Accordingly, where in this case the record before this court shows that the brief of the evidence was not approved by the trial judge until more than 60 days after he had signed and certified the bill of exceptions, it cannot be considered, since it is not a legally approved brief of the evidence and since a consideration of the exception to the granting of the nonsuit, which is the only assignment of error in this case, requires consideration of the evidence, the judgment will be affirmed.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 14, 1958—REHEARING DENIED APRIL 1, 1958.

*Holcomb & Grubbs, J. M. Grubbs,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith, John W. Maddox, J. Beverly Langford,* contra.

