37248. CORN *v.* CENTRAL TRUCK LINES, INC., *et al.*

DECIDED JULY 16, 1958.

*Harry P. Hall, Jr., John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

GARDNER, Presiding Judge. Counsel for the plaintiff cite *Elrod* v. *McConnell,* 170 *Ga.* 892, 893 (154 S. E. 449) to the effect that a trial judge always grants nonsuits at his peril and that if there is any evidence upon which a verdict could be rendered, the case should be submitted to a jury. This is a true principle of law. To the same effect see *Wright* v. *Roseman,* 209 *Ga.* 176 (71 S. E. 2d 426), *Ellison* v. *Evans,* 85 *Ga. App.* 292 (69 S. E. 2d 94), *Keebler* v. *Willard,* 86 *Ga. App.* 884 (72 S. E. 2d 805), and *Gray* v. *Schlapp,* 92 *Ga. App.* 261 (88 S. E. 2d 536). There are many other decisions to this same effect. It is also true that, where there is no proof to support the plaintiff's allegations, a nonsuit should be granted. See *Vickers* v. *Atlanta & W. P. R. Co.,* 64 *Ga.* 306, 307, and *Corcoran* v. *Merchants & Miners Transportation Co.,* 1 *Ga. App.* 741, 743 (57 S. E. 962). There are many other decisions to this same effect. The appellate courts have many times held that negligence, whose negligence and what negligence are questions for the determination of a jury. However, each case where the granting of a nonsuit is involved must be determined under the facts of the particular case involved. In determining questions as to whether or not the nonsuit was properly granted it was our thought to go extensively into the many citations regarding the granting of nonsuits. It was also our thought to cite from *Whited* v. *Atlanta Coca-Cola Bottling Co.,* 88 *Ga. App.* 241 (76 S. E. 2d 408) division 2, wherein this court went extensively into the question now before us. The facts of that case are not the facts as now before us but while studying that case it would seem that all of division 2 with reference to the granting of nonsuits is applicable to the case now under consideration so far as the principles of law are concerned, and this court cited many, many decisions involving nonsuits in that case. We are tempted to quote extensively from that case but

rather than encumber the Court of Appeals Reports with the repetition of the matter there contained, we merely invite the bench and bar to read what is said in that case.

In the instant case, as in all nonsuit cases, the question is: Was the evidence on behalf of the plaintiff sufficient to prove the material allegations of the petition? The evidence in the case before us is not sufficient to show that the defendant Central's trailer-tractor was at fault, nor was there any evidence upon which to hang a reversal of the judgment of the trial judge granting a nonsuit. The only positive testimony was in favor of the defendant Central. The driver of the station wagon testified substantially that he did not know *what* occurred. We can see nothing to support the inference that the defendant Central was responsible for the collision and for this reason we cannot conscientiously have this case submitted to a jury. We are always most willing for a jury to determine questions of fact but where, as here, there is nothing to warrant a case being submitted to a jury for determination of facts, we must recognize the legal technique of sustaining the granting of a nonsuit.

Since there is a fatal variance between the allegations of the petition and the proof, we hold that the trial judge did not err in his ruling.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*