40571. GAZAWAY v. SECURED INSURANCE COMPANY.

DECIDED MARCH 11, 1964—REHEARING DENIED MARCH 30, 1964.

*Scott, Scroggins, Cash & Crim, Frank W. Scroggins,* for plaintiff in error.

*Peek, Whaley & Blackburn, J. Corbett Peek, Jr.,* contra.

FELTON, Chief Judge. ■ Our courts have held that an absolute refusal to pay waives compliance with requirements prescribed by the insurer for proofs of loss. *Government Employees Ins. Co. v. Hardin,* 108 Ga. App. 230, 234 (132 SE2d 513) and cases cited. The plaintiff alleged and testified that

the defendant made an absolute refusal to pay him anything. The nature of this testimony is such that it might be an opinion of the plaintiff, based upon his conclusion from what the defendant's agent told him combined with the other facts to which he testified, or, on the other hand, it might have been a statement of fact, relating only what the defendant's agent had actually told him. It is true that "[t]he opinion of a witness is not admissible as evidence when all the facts and circumstances are capable of being clearly detailed and described, so that the jurors may be able readily to form their own conclusion therefrom." *Harris v. State,* 188 Ga. 745 (1) (4 SE2d 651); and see cases under *Code* § 38-1708, catchwords "Conclusion of witness" and "Jury," and that opinions as to the ultimate question in the case are without probative value. *Scott v. Gibson,* 194 Ga. 503 (22 SE2d 51). It has also been held, however, that "[w]here a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient." *Turner v. Hardy,* 198 Ga. 626, 642 (32 SE2d 483) and cases cited; *Bull & Son v. Carpenter,* 32 Ga. App. 637, 639 (124 SE 381). "Where a witness testifies to a fact, the presumption is, in the absence of anything to the contrary, that he is testifying from his own knowledge." *Shaw v. Jones,* 133 Ga. 446 (3) (66 SE 240); *Daniel v. Weeks,* 217 Ga. 388, 398 (122 SE2d 564). A motion for nonsuit is not the equivalent of an objection to the admissibility of the evidence when it is offered, nor is it the equivalent of a motion to exclude such testimony. *Irvin v. Locke,* 200 Ga. 675, 683 (38 SE2d 289). "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; . . ." *Code* § 110-310. It has been noted that "[s]uch a statement could have been tested on cross examination, and, in the absence of any modification or explanation on further examination, or any exception after timely objection to such evidence, can not be disregarded." *Bailey v. Newberry,* 52 Ga. App. 693, 697 (184 SE 357). Accordingly, the plaintiff's testimony, not having been objected to on the grounds of being opinionative, or not having been based upon facts to support the conclusion, was sufficient

evidence to withstand the motion for nonsuit, with its weight and credit to be determined by the jury.

■ Where the insured is to rely, as he does in the case at bar, upon an absolute refusal to pay as a waiver, he must allege and prove that the refusal, or what amounted to a refusal, occurred within the time provided for filing a proof of loss. *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236). The petition does not specifically allege that the defendant's absolute refusal occurred within the time provided for filing a proof of loss under the policy, i.e., "as soon as practicable"; however, "the office of such a motion [for nonsuit] is not to test the legal sufficiency of a petition," *Reeves v. Jackson,* 113 Ga. 182, 184 (38 SE 314), *McCandless v. Conley,* 115 Ga. 48 (41 SE 256), or to invoke a ruling as to whether the petition states a cause of action, *Evans v. Josephine Mills,* 119 Ga. 448 (46 SE 674), but only brings up the question whether the plaintiff proved his case as laid, without establishing such additional facts as disprove his right to recover. *Whited v. Atlanta Coca-Cola Bottling Co.,* 88 Ga. App. 241, 248 (76 SE2d 408). If the plaintiff proves his case as laid, therefore, he is entitled to prevail as against a nonsuit, though it by no means follows from this that he is always entitled to recover on the facts as laid. *Kelly v. Strouse,* 116 Ga. 872, 883 (4) (43 SE 280); *Gray v. Schlapp,* 92 Ga. App. 261 (1) (88 SE2d 536) and citations; *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438, 442 (103 SE2d 138).

Accordingly, the judgment of the trial court granting the motion for nonsuit was error and must be reversed.

*Judgment reversed. Frankum and Pannell, JJ., concur.*